# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK
# BUFFALO DIVISION

|  |  |  |
|---|---|---|
| ERIE COUNTY MEDICAL CENTER CORPORATION; CATHOLIC HEALTH SYSTEM, INC.; SISTERS OF CHARITY HOSPITAL OF BUFFALO, NEW YORK; MERCY HOSPITAL OF BUFFALO; KENMORE MERCY HOSPITAL; MOUNT ST. MARY'S HOSPITAL OF NIAGARA FALLS; ELLIS HOSPITAL FOUNDATION, INC.; KALEIDA HEALTH; OLEAN GENERAL HOSPITAL; NIAGARA FALLS MEMORIAL MEDICAL CENTER; and ST. LUKE'S CORNWALL HOSPITAL | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. _____  (Formerly Index No. 806187/2021, Supreme Court of the State of New York, County of Erie) |
|        Plaintiffs, | ) ) ) | Jury Trial Demanded |
|    v. | ) ) ) |  |
| TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; WATSON LABORATORIES, INC.; ACTAVIS PHARMA, INC. (F/K/A WATSON PHARMA INC.); ACTAVIS LLC (F/K/A ACTAVIS INC.); JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC. (F/K/A ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., F/K/A JANSSEN PHARMACEUTICA, INC.); NORAMCO, INC.; ENDO HEALTH SOLUTIONS, INC.; ENDO PHARMACEUTICALS INC.; PAR PHARMACEUTICALS COMPANIES, INC. (F/K/A PAR PHARMACEUTICAL HOLDINGS, INC.); PAR PHARMACEUTICAL, INC.; ABBOTT LABORATORIES; ABBOTT LABORATORIES, INC.; AMNEAL PHARMACEUTICALS, LLC; ALLERGAN FINANCE, LLC (F/K/A ACTAVIS, INC., F/K/A WATSON PHARMACEUTICALS, INC.); ALLERGAN SALES, LLC; ALLERGAN USA, INC.; PRACTICE FUSION, INC.; ALLSCRIPTS | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |  |

HEALTHCARE SOLUTIONS, INC.;            )
AMERISOURCEBERGEN DRUG                 )
CORPORATION; ANDA, INC.; CARDINAL      )
HEALTH, INC.; H.D. SMITH, LLC (F/K/A   )
H.D. SMITH WHOLESALE DRUG CO.);        )
HENRY SCHEIN, INC.; CVS PHARMACY,      )
INC.; CVS INDIANA, L.L.C.; CVS         )
ORLANDO FL DISTRIBUTION, L.L.C.;       )
CVS PA DISTRIBUTION, L.L.C.; CVS TN    )
DISTRIBUTION, L.L.C.; CVS VERO FL      )
DISTRIBUTION, L.L.C.; CVS RX           )
SERVICES, INC.; CVS ALBANY, L.L.C.;    )
RITE AID OF NEW YORK, INC.; RITE AID   )
DRUG PALACE, INC.; RITE AID OF         )
MARYLAND, INC. (D/B/A RITE AID MID-    )
ATLANTIC CUSTOMER SUPPORT              )
CENTER, INC.); WALGREEN CO.;           )
WALGREEN EASTERN CO., INC.;            )
WALMART INC. (F/K/A/ WAL-MART          )
STORES, INC.); WAL-MART STORES         )
EAST, LP; JIM HENNING; DARCI GILLIS;   )
JAMES MCVAY; KIM CADIN; ANTHONY        )
ONESTO; JEFF PALMER; and DOES 1-100.   )
                                       )
                Defendants.            )
                                       )

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and 1367,

Defendants Walmart Inc. and Wal-Mart Stores East, LP, ("Walmart") hereby remove the above-

captioned action from the Supreme Court of the State of New York, County of Erie, case number

806187/2021, to the United States District Court for the Western District of New York.  In support

of removal, Walmart provides this "short and plain statement of the grounds for removal." 28

U.S.C. § 1446(a); *see also Dart Cherokee Basis Operating Co., LLC v. Owens*, 135 S. Ct. 547,

553 (2014) ("By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of

the Federal Rules of Civil Procedure.").

## NATURE OF REMOVED ACTION

1.      On May 11, 2021, Plaintiffs in the above-captioned matter filed *Erie County Medical Center Corporation et al. v. Teva Pharmaceuticals USA, Inc. et al.* in the Supreme Court of the State of New York, County of Erie, case number 806187/2021, alleging claims relating to prescription opioid medications.  **Exhibit A**.

2.      The Complaint asserts claims against four groups of Defendants.  The first group of Defendants, "Marketing Defendants," consists of Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Watson Laboratories, Inc.; Actavis Pharma, Inc. (f/k/a Watson Pharma Inc.); Actavis LLC (f/k/a Actavis Inc.); Johnson & Johnson; Janssen Pharmaceuticals, Inc. (f/k/a Ortho-McNeil-Janssen Pharmaceuticals, Inc. f/k/a Janssen Pharmaceutica, Inc.); Noramco, Inc.; Endo Health Solutions, Inc.; Endo Pharmaceuticals Inc.; Par Pharmaceuticals Companies, Inc. (f/k/a Par Pharmaceutical Holdings, Inc.); Par Pharmaceutical, Inc.; Abbott Laboratories; Abbott Laboratories, Inc.; Amneal Pharmaceuticals, LLC; Allergan Finance, LLC (f/k/a Actavis, Inc., f/k/a Watson Pharmaceuticals, Inc.); Allergan Sales, LLC; Allergan USA, Inc.; Practice Fusion, Inc.; and Allscripts Healthcare Solutions, Inc.  Compl. ¶¶ 28-66, 92.

3.      The second group of Defendants, "Sales Representative Defendants," consists of Jim Henning; Darci Gillis; James Mcvay; Kim Cadin; Anthony Onesto; and Jeff Palmer.  *Id.* ¶¶ 67-73.

4.      The third group of Defendants, "Distributor Defendants," consists of AmerisourceBergen Drug Corporation; Anda, Inc.; Cardinal Health, Inc.; H.D. Smith, LLC (f/k/a H.D. Smith Wholesale Drug Co.); and Henry Schein, Inc.  *Id.* ¶¶ 93-108.

5.      The fourth group of Defendants, "National Retail Pharmacies," consists of CVS Pharmacy, Inc.; CVS Indiana, L.L.C.; CVS Orlando FL Distribution, L.L.C.; CVS PA Distribution, L.L.C.; CVS TN Distribution, L.L.C.; CVS Vero FL Distribution, L.L.C.; CVS Rx

Services, Inc.; CVS Albany, L.L.C.; Rite Aid of New York, Inc.; Rite Aid of Maryland, Inc. (d/b/a

Rite Aid Mid-Atlantic Customer Support Center, Inc.); Rite Aid Drug Palace, Inc.; Walgreen Co.;

Walgreen Eastern Co., Inc.; Walmart Inc. (f/k/a/ Wal-Mart Stores, Inc.); and Wal-Mart Stores East,

LP. *Id.* ¶¶ 109-135.

6.      The "Distributor Defendants" and the "National Retail Pharmacies" are collectively

referred to in the Complaint as the "Supply Chain Defendants." *Id.* ¶ 136.

7.      The Complaint asserts eight causes of action against Walmart and other of the

Supply Chain Defendants: (1) violation of New York's Consumer Protection from Deceptive Acts

and Practices Statute; (2) Negligence; (3) Nuisance; (4) Unjust Enrichment; (5) Fraud and Deceit;

(6) Fraudulent Concealment; (7) Civil Conspiracy; and (8) Concert of Action. *Id.* ¶¶ 1243-1395.

8.      The thrust of Plaintiffs' allegations against Walmart and the other Supply Chain

Defendants is that they breached their duties to "monitor, detect, investigate, refuse to fill, and

report suspicious orders of prescription opioids," failed to "maintain effective controls against

diversion of prescription opiates into other than legitimate medical, scientific, and industrial

channels" and to "investigate, report, and take steps to halt orders that they knew or should have

known were suspicious." *Id.* ¶¶ 769, 885, 911.

9.      This alleged conduct purportedly caused damage to Plaintiffs in the form of

"increased financial burdens" as a result of unreimbursed costs for "providing medical care to

patients suffering from opioid-related addiction or disease . . . patient counseling with respect to

pain management . . . prescription drugs used to treat addiction . . . training personnel in the proper

treatment of drug overdoses . . . mental-health, treatment, rehabilitation, and social services . . .

[and] treating infants born with opioid-related medical conditions or born dependent on opioids."

*Id.* ¶ 183.

10.     Plaintiffs' claims allege a federal question because they are premised on the breach of duties whose only possible source is the Controlled Substances Act, 21 U.S.C. §§ 801, *et seq.*, (the "CSA").  Plaintiffs identify no state law—common law or statute—that gives rise to these purported duties regarding the distribution of opioids that Walmart and the other Supply Chain Defendants allegedly breached.  The New York provisions Plaintiffs cite do not establish any of the alleged duties relating to diversion of controlled substances and reporting and shipping of "suspicious" opioid medication orders.  In fact, the Complaint identifies no state statute or regulation that imposes an independent duty to monitor, investigate, and report suspicious orders of controlled substances or to prevent diversion.

11.     On December 5, 2017, the Judicial Panel on Multidistrict Litigation ("JPML") formed a multidistrict litigation ("MDL") and transferred opioid-related actions to the Honorable Dan A. Polster in the Northern District of Ohio, pursuant to 28 U.S.C. § 1407.  *See In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375 (J.P.M.L. 2017) (forming a multidistrict litigation and transferring opioid-related actions to the Honorable Dan A. Polster).

12.     Further underscoring the federal source of the duties Plaintiffs allege are the more than 3,000 opioid-related actions currently pending in the MDL, many of which were transferred from federal courts in New York,[1] and include hundreds of cases that were transferred following

---

[1] *See, e.g.*, *Brodsky v. Purdue Pharma L.P. et al.*, No. 2:18-cv-02788 (E.D.N.Y.); *County of Albany, New York v. Purdue Pharma, L.P. et al.*, No. 1:18-cv-00024 (N.D.N.Y.); *The County of Albany, New York v. Cardinal Health, Inc. et al.*, No. 1:19-cv-00273 (N.D.N.Y.); *County of Onondaga, New York v. Purdue Pharma, L.P. et al.*, No. 5:18-cv-00100 (N.D.N.Y.); *City of Syracuse, New York v. Purdue Pharma, L.P. et al.*, No. 5:18-cv-01184 (N.D.N.Y.); *County of Oneida, New York v. Purdue Pharma, L.P. et al.*, No. 6:18-cv-00314 (N.D.N.Y.); *Village of Herkimer, New York v. Purdue Pharma, L.P. et al.*, No. 6:18-cv-00797 (N.D.N.Y.); *City of Utica, New York v. Purdue Pharma, L.P. et al.*, No. 6:18-cv-01394 (N.D.N.Y.); *The City of Rome, New York v. Purdue Pharma, L.P. et al.*, No. 6:19-cv-00376 (N.D.N.Y.); *Saint Regis Mohawk Tribe v. Purdue Pharma, L.P. et al.*, No. 8:18-cv-01478 (N.D.N.Y.); *Laborers 17 Health Benefit Fund v. Purdue Pharma, L.P. et al.*, No. 1:17-cv-09877 (S.D.N.Y.); *Teamster*

removal from state court to federal court just like here.[2]

13.     Plaintiffs' allegations are nearly identical to the obligations certain Defendants in the MDL are purportedly bound to by virtue of the CSA and its regulations.  *See, e.g.*, 21 U.S.C. § 823(b), (e) (identifying the question whether a distributor has maintained "effective control[] against diversion" as one factor the DEA Administrator may consider in evaluating whether the distributor should be licensed to operate); *id.* § 832 (imposing requirements to identify and report suspicious orders); *id.* § 842(c)(1)(B) (setting penalty for failure to comply with requirements related to suspicious orders or for failing to "maintain effective controls against diversion of opioids"); 21 C.F.R. § 1301.74(b) (requiring distributors of controlled substances to "design and operate a system" that identifies "suspicious orders of controlled substances" and to report such orders to the DEA).

14.     Because any duties relating to diversion of controlled substances and reporting and shipping of "suspicious" opioid medication orders arise, if at all, exclusively from federal law—the CSA and its implementing regulations—Plaintiffs necessarily plead that alleged violations of federal law form the basis for their claims.

15.     In accordance with 28 U.S.C. § 1446(a), a copy of the Complaint is attached as

---

*Local 237 Retirees' Benefit Fund, et al v. Purdue Pharma L.P., et al.*, No. 1:18-cv-00336 (S.D.N.Y.); *Klodzinski v. Purdue Pharma L.P. et al.*, No. 1:18-cv-03927 (S.D.N.Y.); *Plumbers Local Union No. 1 Welfare Fund v. Purdue Pharma L.P. et al.*, No. 1:18-cv-04750 (S.D.N.Y.); *Baldwin County, AL v. Sackler et al.*, No. 1:19-cv-02421 (S.D.N.Y.); *Seneca Nation of Indians v. AmerisourceBergen Drug Corporation et al.*, No. 1:18-cv-00620 (W.D.N.Y.); *A.M.H. v. Purdue Pharma L.P. et al.*, No. 1:18-cv-01018 (W.D.N.Y.); *City of Lackawanna, New York v. Purdue Pharma, L.P. et al.*, No. 1:19-cv-00485 (W.D.N.Y.); *City of Geneva, New York v. Purdue Pharma, L.P. et al.*, No. 6:19-cv-06186 (W.D.N.Y.); *City of Rochester v. Purdue Pharma L.P. et al.*, No. 6:19-cv-06490 (W.D.N.Y.); *Town of Poughkeepsie v. Teva Pharma. USA, Inc. et al.*, No. 2:20-cv-02431 (E.D.N.Y.).

[2] *See City of Buffalo v. Purdue Pharma L.P., et al.*, No. 1:19-cv-01517 (W.D.N.Y.); *see also* **Exhibit E** (listing more than 170 cases across the country that were removed on federal question grounds and transferred to the Opiate MDL over plaintiffs' objection).

Exhibit A.  A copy of the Summons is attached as **Exhibit B**.  A copy of all other process, pleadings, and orders served on Walmart are attached as **Exhibit C**.  A copy of the state court docket is attached as **Exhibit D**.

## TIMELINESS OF REMOVAL

16.     Walmart was served with the Complaint on or about June 22, 2021.  Walmart has not responded to the Complaint in state court.

17.     In accordance with 28 U.S.C. § 1446(b), this notice of removal is timely filed because it is within 30 days of Walmart being served.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day removal period begins to run upon service of summons and complaint).

18.     "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."  28 U.S.C. § 1446(b)(2)(C).

## PROPRIETY OF VENUE

19.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the Supreme Court of the State of New York, County of Erie, where the state court action was pending prior to removal, is a state court within this federal district and division.

## BASIS OF REMOVAL

20.     Removal is proper pursuant to 28 U.S.C. §§ 1331 and 1441 because Plaintiffs' claims present a substantial federal question under the CSA, 21 U.S.C. §§ 801, *et seq*.

21.     The original jurisdiction of the district courts includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

22.     "[W]hether a case 'arises under' federal law for purposes of § 1331" is governed

by the "well-pleaded complaint rule." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002) (citation omitted). The artful-pleading doctrine, however, "empowers courts to look beneath the face of the complaint to divine the underlying nature of a claim, to determine whether the plaintiff has sought to defeat removal by asserting a federal claim under state-law colors." *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am.*, 132 F.3d 824, 831 (1st Cir. 1997); *see also Lopez-Munoz v. Triple-S Salud, Inc.*, 754 F.3d 1, 5 (1st Cir. 2014) ("[T]he artful pleading doctrine allows a federal court to peer beneath the local-law veneer of a plaintiff's complaint in order to glean the true nature of the claims presented."). "In other words, a plaintiff may not, by the expedient of artful pleading, defeat a defendant's legitimate right to a federal forum." *BIW Deceived*, 132 F.3d at 831.

23.     Even when state law creates the causes of action, a complaint may raise a substantial question of federal law sufficient to warrant removal if "vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808-09 (1986) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9 (1983)); *see Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936) ("To bring a case within [§ 1441], a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."); *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 565 (6th Cir. 2007) ("Under the substantial-federal-question doctrine, a state law cause of action may actually arise under federal law, even though Congress has not created a private right of action, if the vindication of a right under state law depends on the validity, construction, or effect of federal law.").[3]

---

[3] Walmart need not overcome any artificial presumptions against removal or in favor of remand. In *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003), the Supreme Court unanimously held that the 1948 amendments to the general federal removal statute, 28 U.S.C.

A. **Plaintiffs' Claims Raise a Federal Issue That Is Necessarily Raised, Actually Disputed, Substantial, and Capable of Resolution in Federal Court.**

24.  "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). "Where all four of these requirements are met . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Gunn*, 568 U.S. at 258 (quoting *Grable*, 545 U.S. at 313-14).

25.  Where, as here, a purported state law claim is premised on violations of a duty contained in a federal statute, a federal court has jurisdiction over that claim. *See Bd. of Comm'rs of Se. La. Flood Protection Auth.-East v. Tenn. Gas Pipeline Co.*, 850 F.3d 714, 722-23 (5th Cir.), cert. denied, 138 S. Ct. 420 (2017) (concluding that federal question jurisdiction exists because

---

§ 1441(a), trumped the Court's prior holdings in *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941), and its antecedents that federal jurisdictional statutes must be strictly construed against any recognition of federal subject matter jurisdiction, with every presumption indulged in favor of remand.  *Breuer*, 538 U.S. at 697-98 ("[W]hatever apparent force this argument [of strict construction against removal] might have claimed when *Shamrock* was handed down has been qualified by later statutory development. . . . Since 1948, therefore, there has been no question that whenever the subject matter of an action qualifies it for removal, *the burden is on a plaintiff to find an express exception.*" (emphasis added)); *see also Exxon Mobil Corp. v Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005) (construing 1990 enactment of 28 U.S.C. § 1367, authorizing supplemental federal subject matter jurisdiction, and holding: "We must not give jurisdictional statutes a more expansive interpretation than their text warrants; but it is just as important not to adopt an artificial construction that is narrower than what the text provides. . . . Ordinary principles of statutory construction apply." (citation omitted)).

More recently, a unanimous Supreme Court in *Mims v. Arrow Fin. Servs., LLC* held: "'Divestment of district court jurisdiction' should be found no more readily than 'divestment of state court jurisdiction,' given 'the longstanding and explicit grant of federal question jurisdiction in 28 U.S.C. § 1331.'" 565 U.S. 368, 379 (2012) (alterations omitted) (quoting *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513, 523 (3d Cir. 1998) (Alito, J., dissenting)).

claims were premised on failure to satisfy a standard of care established in federal statute).  Federal jurisdiction is established if there is no "state law grounding for the duty that the [plaintiff] would need to establish for the Defendants to be liable", because the absence of any such state source "means that the duty would have to be drawn from federal law." *Id.* at 723.  A claim premised on the breach of such a duty "cannot be resolved without a determination whether . . . federal statutes create [such] a duty," and therefore necessarily raises a federal question. *Id.*; *see also Wullschleger v. Royal Canin U.S.A., Inc.*, 953 F.3d 519, 522 (8th Cir. 2020) (concluding a federal question was raised where "Plaintiffs' dependence on federal law permeates the allegations such that the [claims purportedly brought under state law] cannot be adjudicated without reliance on and explication of federal law"); *Hughes v. Chevron Phillips Chem. Co.*, 478 F. App'x 167, 170-71 (5th Cir. 2012) (plaintiff's state law claims gave rise to federal question jurisdiction because resolution of claims relied on duty contained in federal law).

26.    As set forth below, all four requirements for federal jurisdiction over Plaintiffs' claims are satisfied.

27.    Although Plaintiffs ostensibly plead their claims against Walmart and the other Supply Chain Defendants as state law claims, they base the underlying theory of liability on alleged violations of federal law or alleged duties arising out of federal law, specifically the CSA.

28.    Plaintiffs do not identify any New York law to serve as the basis of their claims against Walmart and the other Supply Chain Defendants, although they purport to do so.  Compl. ¶¶ 773, 778-80, 885, 1271.  The statutory provisions Plaintiffs cite do not require wholesale pharmaceutical distributors to identify and report suspicious orders of controlled substances to state government officials or entities, nor do they require wholesale pharmaceutical distributors to halt, prevent, or avoid filling suspicious orders.  In fact, when referencing a duty to "stop shipment

on any order which is flagged as suspicious," Plaintiffs cite to the same federal DEA enforcement actions referenced in Paragraph 32 below.  Comp. ¶ 781 & n. 251 (citing *Southwood Pharm.*, 72 Fed. Reg 36,487, 36,501; *Masters Pharm.*, 861 F.3d 206 (D.C. 2017)).  Plaintiffs therefore have pleaded federal questions merely dressed up as state law claims.

29.     Under the artful pleading doctrine, Plaintiffs may not escape federal jurisdiction merely by omitting citations to the federal statutes and regulations that serve as the exclusive bases for Plaintiffs' claims.  *See Mikulski*, 501 F.3d at 560 ("[P]laintiffs may not avoid removal jurisdiction by artfully casting their essentially federal law claims as state-law claims.") (citations and internal quotation marks omitted).  Where it appears that the Plaintiffs may have carefully crafted the complaint to circumvent federal jurisdiction, this Court should "consider whether the facts alleged in the complaint actually implicate a federal cause of action."  *Id. at 561; see also Berera v. Mesa Med. Grp.*, PLLC, 779 F.3d 352, 358 (6th Cir. 2015); *Her Majesty the Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

30.     Specifically, Plaintiffs plead that Walmart and the other Supply Chain Defendants violated federal law by failing to:

a.     "[M]aintain effective controls, to investigate, report, and take steps to halt orders that they knew or should have known were suspicious."  Compl. ¶ 769.

b.     "[C]ontrol the supply, prevent diversion, and report and take steps to halt suspicious orders . . . and to institute controls to prevent diversion."  *Id.* ¶¶ 834, 1005.

c.     "[M]onitor, detect, investigate, refuse to fill, and report suspicious orders of prescription opioids . . ."  *Id.* ¶ 885.

d.     "[E]ffectively monitor for suspicious orders . . . report suspicious orders [and] stop or suspend shipments of suspicious orders."  *Id.* ¶ 1270 (c) – (e).

e.     "[O]perate a system to stop or at least to diligently respond to the order[s] which were flagged or should have been flagged as suspicious."  *Id.* ¶ 1274.

-11-

31.     The CSA and its implementing regulations are the exclusive source of the asserted legal duties to prevent diversion and to monitor, investigate, and report suspicious orders of controlled substances.  *See* 21 U.S.C. § 823(b), (e); *id.* § 832; *id.* § 842(c)(1)(B); 21 C.F.R. §§ 1301.71, .74(b).

32.     The source of the asserted legal duty to monitor, investigate, and report shipments of suspicious orders is 21 U.S.C. § 823(b) and (e), as interpreted by the Drug Enforcement Administration ("DEA") of the United States Department of Justice.  Specifically, the DEA interprets the public interest factors for registering distributors under the CSA, 21 U.S.C. § 823(b) and (e), to impose a responsibility on distributors to exercise due diligence to avoid filling suspicious orders that might be diverted to unlawful uses.  *See Masters Pharm., Inc. v. DEA,* 861 F.3d 206, 212-13 (D.C. Cir. 2017) (citing *In re Southwood Pharm., Inc., Revocation of Registration*, 72 Fed. Reg. 36,487, 36,501 (July 3, 2007), as source of DEA's "Shipping Requirement").

33.     Plaintiffs' theories of liability against Walmart and the other Supply Chain Defendants, as pleaded in the Complaint, are thus predicated on allegations that they breached alleged duties under the CSA to implement effective controls against diversion and to detect and report "suspicious" orders for prescription opioids.

34.     The federal question presented by Plaintiffs' claims therefore is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn*, 568 U.S. at 258.

35.     ***First***, Plaintiffs' claims "necessarily raise[]" a federal question because the asserted right to relief under state law necessarily requires resolution of a federal question.  *See Bd. Of Comm'rs,* 850 F.3d at 722-23 (federal question necessarily raised where negligence and public

nuisance claims relied on the court's interpretation of the scope of a duty of care contained in federal law); *Hughes*, 478 F. App'x at 170-71; s*ee also North Carolina ex rel. N.C. Dep't of Admin. v. Alcoa Power Generating, Inc.*, 853 F.3d 140, 146 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 981 (2018) ("Regardless of the allegations of a state law claim, 'where the vindication of a right under state law necessarily turns on some construction of federal law,' the claim arises under federal law and thus supports federal question jurisdiction under 28 U.S.C. § 1331." (alteration omitted)); *NASDAQ OMX Grp., Inc. v. UBS Securities, LLC*, 770 F.3d 1010, 1021-23 (2d Cir. 2014) (a duty derived from the Exchange Act to operate a fair and orderly market underpinned plaintiff's contract and tort claims and therefore necessarily raised a federal question); *Virgin Islands Hous. Auth. v. Coastal Gen. Constr. Servs. Corp.*, 27 F.3d 911, 916 (3d Cir. 1994), *aff'd*, 987 F. App'x 156 (3rd Cir. 2004) ("[A]n action under 28 U.S.C. § 1331(a) arises only if the complaint seeks a remedy expressly granted by federal law or if the action requires construction of a federal statute, or at least a distinctive policy of a federal statute requires the application of federal legal principles.").

36.     Plaintiffs' claims against Walmart and the other Supply Chain Defendants require Plaintiffs to establish that they breached duties arising exclusively under federal law by failing to monitor, investigate, and report shipments of otherwise lawful orders or by otherwise failing to maintain controls against diversion.

37.     The Complaint cites to various New York laws it claims impose a duty on distributors of prescription medications to monitor prescription orders, *see* Compl. ¶¶ 773, 778-80, 885, 1271, but none actually does.  This is because, as explained above, these duties necessarily arise under the federal CSA and regulations.

38.     While plaintiffs are masters of their complaints, and they "may avoid federal jurisdiction by exclusive reliance on state law," *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392

(1987), Plaintiffs here necessarily rely on violations of federal law as the basis for their purported

state-law claims.[4]

39.     In sum, despite Plaintiffs' attempts to artfully omit any federal question, the

Complaint necessarily raises a federal issue—namely, whether Walmart and the other Supply

Chain Defendants violated the CSA.

40.     **Second**, this federal issue is "actually disputed" because the parties disagree as to

the existence and scope of alleged duties arising under the CSA and whether Walmart and the

other Supply Chain Defendants violated any duties to monitor, detect, investigate, and report

suspicious orders under the CSA.  Indeed, this federal issue is the "central point of dispute." *Gunn*,

568 U.S. at 259.

41.     **Third**, the federal issue presented by Plaintiffs' claim is "substantial."[5]  *Id.* at 258.

"The substantiality inquiry under *Grable* looks . . . to the importance of the issue to the federal

system as a whole."  *Id.* at 260.  Among other things, the Court must assess whether the federal

government has a "strong interest" in the federal issue at stake and whether allowing state courts

---

[4] Furthermore, it is not necessary for federal jurisdiction that Walmart establish that *all* of Plaintiffs' counts against it raise a federal question.  Even if Plaintiffs could prove one or more of those counts without establishing a violation of federal law, this Court still has federal question jurisdiction: "Nothing in the jurisdictional statutes suggests that the presence of related state law claims somehow alters the fact that [the] complaints, by virtue of their federal claims, were 'civil actions' within the federal courts' 'original jurisdiction.'"  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 166 (1997), *aff'd*, 153 F.3d 356 (7th Cir. 1998).

Because the Court has original jurisdiction over at least some counts against Walmart and the other Supply Chain Defendants, it has supplemental jurisdiction over Plaintiffs' remaining counts which are so related that they "form part of the same case or controversy."  28 U.S.C. § 1367(a); *see Baker v. Farmers Elec. Co-op., Inc.*, 34 F.3d 274, 283 (5th Cir. 1994).

[5] The substantiality inquiry as it pertains to federal question jurisdiction is distinct from the underlying merits of Plaintiffs' claims and has no bearing on the strength of those claims. *See Gunn*, 568 U.S. at 260 ("The substantiality inquiry under *Grable* looks . . . to the importance of the issue to the federal system as a whole.").

to resolve the issue will "undermine 'the development of a uniform body of [federal] law.'" *Id.* at 260-61 (quoting *Grable*, 545 U.S. at 315; *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 162 (1989)).   As the Supreme Court explained in *Grable*, "[t]he doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues."  545 U.S. at 312; *see also Willis of Tex., Inc. v. Stevenson*, No. H-09-cv-0404, 2009 WL 7809247, at *5 (S.D. Tex. May 26, 2009) ("The Fifth Circuit has held that a claim is substantial enough to support federal question jurisdiction if the issue raised is not wholly insubstantial, obviously frivolous, plainly insubstantial, or obviously without merit.").

42.     Plaintiffs' theories of liability necessarily require that a court determine a question relating to the important federal issue of regulation of controlled substances.   Indeed, Congress recognized the importance of a nationwide approach to controlled substances in enacting the CSA. H.R. Rep. No. 91-1444 (1970), *as reprinted in* 1970 U.S.C.C.A.N. 4566, 4571-72 (noting one purpose of the CSA was "provid[e] the . . . drug industry with a unified approach to narcotic and dangerous drug control."

43.     The text of the CSA itself notes the federal interest in regulating controlled substances in a uniform manner.  21 U.S.C. § 801 (2), (6) (recognizing the illegal uses of controlled substances "have a substantial and detrimental effect on the health and general welfare of the American people" and that "[f]ederal control of the intrastate incidents of the traffic in controlled substances is essential to the effective control of the interstate incidents of such traffic"). Furthermore, "minimizing uncertainty over" reporting obligations under the CSA "fully justifies resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal

issues." *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 317–18 (2d Cir. 2016); *see also PNC Bank, N.A.*, 189 F. App'x at 104 n.3 (state law claim "raises a substantial federal question-the interpretation of" federal statute "over which the District Court properly exercised removal jurisdiction"); *R.I. Fishermen's All.*, 585 F.3d at 51 ("[T]here is a substantial federal interest in ensuring that actions taken in pursuance of [federal regulatory programs] receive the uniformity of interpretation that a federal forum offers."). Thus, "[g]iven that . . . the plaintiffs' claims turn on the interpretation of the federal regulations governing" the distribution of controlled substances "and the importance of those regulations to the Congressional scheme, this case plainly falls within the narrow swath of cases described in *Grable*." *Anversa v. Partners Healthcare Sys., Inc.*, 835 F.3d 167, 174 n.5 (1st Cir. 2016).

44.     Plaintiffs' attempt to enforce the CSA raises a substantial federal question even though the CSA does not provide for a private right of action.  In *Grable*, the Supreme Court held that lack of a federal cause of action does not foreclose federal-question jurisdiction.  The Court stated that applying *Merrell Dow* too narrowly would both "overturn[] decades of precedent," and "convert[] a federal cause of action from a sufficient condition for federal-question jurisdiction into a necessary one." *Grable*, 545 U.S. at 317; *see also, e.g.*, *NASDAQ OMX Grp., Inc.*, 770 F.3d at 1018–19, 1024 (determining that the federal issue was substantial even though the underlying federal statute did not include a private right of action because it was "significant to the development of a uniform body of federal securities regulation"); *Ranck v. Mt. Hood Cable Reg. Comm'n*, No. 3:16-cv-02409-AA, 2017 WL 1752954, at *4-5 (D. Or. May 2, 2017) (state law claims based on violations of Cable Communications Policy Act raise substantial federal questions and satisfy Grable even though no private right of action exists under Act).

45.     Removal is especially appropriate here because Plaintiffs' action is one of

thousands of similar actions nationwide, most of which are pending in the Opiate MDL in the Northern District of Ohio.  Indeed, Plaintiffs claim that the "improper distribution, prescribing, and use of prescription opioids in communities throughout the country" help create the nationwide "opioid epidemic."  Compl. ¶¶ 1009, 1291.

46.     ***Fourth***, and finally, the federal issue also is capable of resolution in federal court "without disrupting the federal-state balance approved by Congress."  *Gunn*, 568 U.S. at 258. Federal courts exclusively hear challenges to DEA authority to enforce the CSA against distributors, and litigating this case in a state court runs the risk of the state court applying federal requirements in a manner in tension or in conflict with the way the federal agency tasked with enforcing the CSA—the DEA—applies them.  Federal jurisdiction is therefore properly exercised under Section 1331 to resolve "disputed issues of federal law" under the CSA.

47.     In sum, removal of this action is appropriate because Plaintiffs' "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  *Grable*, 545 U.S. at 314; *see also, e.g.*, *Bd. of Comm'rs*, 850 F.3d at 722-23; Hughes, 478 F. App'x at 170-71; *PNC Bank, N.A.*, 189 F. App'x at 104 n.3 (state law claim based on violation of Internal Revenue Code "gives rise to federal-question jurisdiction" under *Grable*); *Jacobson*, 824 F.3d at 315–18 (state law claims based on defendant's alleged violation of Internal Revenue Code satisfy *Grable*); *NASDAQ OMX Grp., Inc. v. UBS Secs., LLC*, 770 F.3d 1010, 1031 (2d Cir. 2014) (state law claims premised on violations of Exchange Act "necessarily raise disputed issues of federal law of significant interest to the federal system as a whole"); *Gilmore v. Weatherford*, 694 F.3d 1160, 1176 (10th Cir. 2012) ("Although plaintiffs could lose their conversion claim without the court reaching the federal question, it seems that they cannot win

unless the court answers that question.  Thus, plaintiffs' 'right to relief necessarily depends on resolution of a substantial question of federal law.'" (quoting *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006))).

>    **B.    The Court Can Exercise Supplemental Jurisdiction.**

48.    To the extent that the Court determines that some, but not all, of Plaintiffs' claims state a substantial federal question, the Court can evaluate whether to retain the non-federal claims under the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367(a), which grants district court jurisdiction over state claims forming part of the same case or controversy.  *See Baker v. Farmers Elec. Co-op., Inc.*, 34 F.3d 274, 283 (5th Cir. 1994).

49.    It is not necessary for federal jurisdiction to establish that all of Plaintiffs' counts raise a federal question.  Even if Plaintiffs could prove one or more of those counts without establishing a violation of federal law, this Court still has federal question jurisdiction: "Nothing in the jurisdictional statutes suggests that the presence of related state law claims somehow alters the fact that [the] complaints, by virtue of their federal claims, were 'civil actions' within the federal courts' 'original jurisdiction.'"  *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 166 (1997).  Instead, "federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that derive from a common nucleus of operative fact."  *Id.* at 164-65 (internal quotation marks omitted); *see also Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rough Par.*, 373 F. App'x 438, 441 (5th Cir. 2010) (exercising jurisdiction to review state law claims even though federal law claims were not on appeal because the district court had properly exercised supplemental jurisdiction over the state law claims).

50.    Because, as explained above, the Court has original jurisdiction over at least some counts against Walmart and the other Supply Chain Defendants, it has supplemental jurisdiction over Plaintiffs' remaining counts against the Defendants, which are so related that they "form part

of the same case or controversy."

51.     The presence of state law claims, if any, therefore does not defeat this Court's original jurisdiction over the federal claims.

## COMPLIANCE WITH LOCAL RULES

52.     Pursuant to Rule 81(a)(3) of the Local Rules, an index identifying each document filed and/or served in the state court action has been attached.  All documents indexed therein have been attached as **Exhibits A-C**.

## OTHER REMOVAL ITEMS

53.     Under 28 U.S.C. § 1446(b)(2)(A), all Defendants that have been properly joined and served must join or consent to removal.

54.     The following Defendants have been served in this action and consent to removal, as indicated by counsel's signatures below: Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Actavis LLC (f/k/a Actavis Inc.); Johnson & Johnson; Janssen Pharmaceuticals, Inc. (f/k/a Ortho-McNeil-Janssen Pharmaceuticals, Inc. f/k/a Janssen Pharmaceutica, Inc.); Noramco, Inc.; Endo Health Solutions, Inc.; Endo Pharmaceuticals Inc.; Par Pharmaceuticals Companies, Inc. (f/k/a Par Pharmaceutical Holdings, Inc.); Par Pharmaceutical, Inc.; Abbott Laboratories; Abbott Laboratories, Inc.; Allergan Finance, LLC (f/k/a Actavis, Inc., f/k/a Watson Pharmaceuticals, Inc.); Allergan Sales, LLC; Allergan USA, Inc.; AmerisourceBergen Drug Corporation; Anda, Inc.; Cardinal Health, Inc.; H.D. Smith, LLC (f/k/a H.D. Smith Wholesale Drug Co.);[6] and Henry Schein, Inc.; CVS Pharmacy, Inc.; CVS Indiana, L.L.C.; CVS Orlando FL Distribution, L.L.C.; CVS PA Distribution, L.L.C.; CVS TN Distribution, L.L.C.; CVS Vero FL Distribution, L.L.C.; CVS Rx Services, Inc.; CVS Albany, L.L.C.; Rite Aid of New York, Inc.; Rite Aid of Maryland,

---

[6] H.D. Smith, LLC reserves all rights to challenge service.

Inc. (d/b/a Rite Aid Mid-Atlantic Customer Support Center, Inc.); Walgreen Co.; and Walgreen Eastern Co., Inc.

55.     The remaining Defendants have not been properly served, and thus their consent to removal is not required.[7]   Nevertheless, out of an abundance of caution, Allscripts Healthcare Solutions, Inc.; Practice Fusion, Inc.; Amneal Pharmaceuticals, LLC; Rite Aid Drug Palace, Inc.; Watson Laboratories, Inc.; and Actavis Pharma, Inc. (f/k/a Watson Pharma Inc.), consent to removal.  The Defendants listed in this paragraph expressly reserve, and do not waive, all defenses related to service of process and personal jurisdiction.

56.     By filing this Notice of Removal, Walmart and the consenting Defendants expressly reserve, and do not waive, any and all defenses that may be available to them, including those related to personal jurisdiction and service of process.  If any question arises as to propriety of removal to this Court, Walmart requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

57.     Pursuant to 28 U.S.C. § 1446(d), Walmart will promptly file a copy of this Notice of Removal with the clerk of the state court where the lawsuit has been pending and serve notice of the filing of this Notice of Removal on Plaintiffs.

58.     Walmart reserves the right to amend or supplement this Notice.

**WHEREFORE**, Walmart removes this action, now pending in the Supreme Court of the State of New York, County of Erie, case number 806187/2021, to this Court.

---

[7] The state court docket does not contain any record of service on the Sales Representative Defendants and the Complaint includes no contact information for them.  Efforts to reach the Sales Representative Defendants have either been unsuccessful or confirmed that they have not been served.

DATED: July 19, 2021

Respectfully submitted,

*/s/ James W. Carlson*
James W. Carlson
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
Telephone: (412) 391-3939
Facsimile: (412) 394-7959
Email: jamescarlson@jonesday.com

Christopher Lovrien*
Erin Burke*
JONES DAY
555 S. Flower St., 50th Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539
Email: cjlovrien@jonesday.com
Email: eburke@jonesday.com

*\* denotes national counsel who will seek pro hac vice admission*

*Attorneys for Walmart Inc. and Wal-Mart Stores East, LP*

## CONSENTS TO REMOVAL BY OTHER DEFENDANTS

*/s/ Alexia R. Brancato*
KIRKLAND & ELLIS LLP
Alexia R. Brancato
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4800
Fax: (212) 446-4900
Email: alexia.brancato@kirkland.com

Brenton Rogers (pro hac vice forthcoming)
Eric White (pro hac vice forthcoming)
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
Fax: (312) 862-2200
Email: brogers@kirkland.com
eric.white@kirkland.com

Daniel T. Donovan (pro hac vice forthcoming)
Kirkland & Ellis LLP
1301 Pennsylvania Ave. N.W.
Washington, DC  20004
Tel: (202) 389-5000
Fax: (202) 389-5200
Email: ddonovan@kirkland.com

*Attorneys for Defendants Abbott Laboratories and Abbott Laboratories Inc.*

*/s/ Donna Welch*
Donna Welch, P.C.*
Timothy Knapp P.C.*
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
(312) 862-2000
donna.welch@kirkland.com
timothy.knapp@kirkland.com

Jennifer G. Levy, P.C.*
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 389-5000
jennifer.levy@kirkland.com

*denotes national counsel who will seek
pro hac vice admission*

COUNSEL FOR ALLERGAN FINANCE,
LLC F/K/A ACTAVIS, INC. F/K/A
WATSON PHARMACEUTICALS, INC.,
ALLERGAN SALES, LLC; AND
ALLERGAN USA, INC.

*/s/ Lee M. Hollis*
Lee M. Hollis*
Jackson R. Sharman, III*
Lana A. Olson*
Amaobi J. Enyinnia*
Lightfoot Franklin & White, LLC
400 20th Street North
Birmingham, AL 35203
205-581-0700
LHollis@lightfootlaw.com
JSharman@lightfootlaw.com
LOlson@lightfootlaw.com
AEnyinnia@lightfootlaw.com

*Denotes national counsel who will seek pro
hac vice admission*

*Attorneys for Defendant Allscripts
Healthcare Solutions, Inc. and Practice
Fusion, Inc.*

_/s/ Robert A. Nicholas_
Robert A. Nicholas
Shannon E. McClure
Michael J. Salimbene
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, Pennsylvania 19103
(215) 851-8100
rnicholas@reedsmith.com
smcclure@reedsmith.com
msalimbene@reedsmith.com

Paul E. Asfendis
GIBBONS P.C.
One Pennsylvania Plaza
New York, New York 10119
(212) 613-2000
pasfendis@gibbonslaw.com

_Attorneys for Defendants AmerisourceBergen Drug Corporation_

_/s/ Michael Davis Hoenig_
Michael Davis Hoenig (NY Bar No. 4718896)
Ulmer & Berne LLP
Skylight Office Tower
1660 West 2nd Street, Suite 1100
Cleveland, OH  44113-1406
Tel:  216.583.7000
Fax:  216.583.7001
mhoenig@ulmer.com

_Counsel for Amneal Pharmaceuticals LLC_

*/s/ Rachel E. Kramer*
Rachel E. Kramer
90 Park Avenue
New York, NY 10016-1314
Tel:     212.338.3545
Fax:     212.687.2329
Email: rkramer@foley.com

James W. Matthews*
Ana M. Francisco*
Katy E. Koski*
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
Tel:     617.342.4000
Fax:     617.342.4001
Email:  jmatthews@foley.com
        afrancisco@foley.com
        kkoski@foley.com

*Counsel for Defendant Anda, Inc.*

*denotes counsel who will be seeking
admission *pro hac vice*

*/s/ Franklin C. McRoberts*
Franklin C. McRoberts
FARRELL FRITZ, P.C.
400 RXR Plaza
Uniondale, New York 11556-3826
(516) 227-0700
fmcroberts@ FarrellFritz.com

*Attorneys for
Defendant Cardinal Health, Inc.*

<u>/s/ Pamela C. Holly</u>
Pamela C. Holly
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
(212) 309-6000
pamela.holly@morganlewis.com

Harvey Bartle IV*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5000
harvey.bartle@morganlewis.com

Nancy L. Patterson*
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002
(713) 890-5195
nancy.patterson@morganlewis.com

*denotes national counsel who will seek pro
hac vice admission*

*Counsel for Defendants Cephalon, Inc., Teva
Pharmaceuticals USA, Inc., Watson
Laboratories, Inc., Actavis LLC, and Actavis
Pharma, Inc.*

*/s/ Devon Galloway*
ZUCKERMAN SPAEDER LLP
Devon Galloway
485 Madison Avenue, 10th Floor
New York, New York 10022
dgalloway@zuckerman.com
Tel: 212.704-9600
Fax: 917.261.5864

Conor B. O'Croinin*
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202-1031
(410) 949-1160
(410) 659-0436 (fax)
cocroinin@zuckerman.com

*Denotes national counsel that will seek
*Pro hac vice* admission

*Counsel for CVS Pharmacy, Inc.; CVS*
*Orlando FL Distribution, L.L.C.; CVS PA*
*Distribution, L.L.C.; CVS TN Distribution,*
*L.L.C.; CVS Vero FL Distribution, L.L.C.;*
*CVS Rx Services, Inc.; CVS Albany, L.L.C.;*
*and CVS Indiana, L.L.C.*

*/s/ Ingo W. Sprie, Jr.*
Ingo. W. Sprie, Jr.
ARNOLD & PORTER KAYE SCHOLER
LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
ingo.sprie@arnoldporter.com

*Attorneys for Defendants*
*ENDO HEALTH SOLUTIONS INC. and*
*ENDO PHARMACEUTICALS INC.*

<u>/s/ Ingo W. Sprie, Jr.</u>
Ingo. W. Sprie, Jr.
ARNOLD & PORTER KAYE SCHOLER
LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
ingo.sprie@arnoldporter.com

*Attorneys for Defendants  PAR*
*PHARMACEUTICALS COMPANIES, INC.*
*and PAR PHARMACEUTICAL, INC.*

<u>/s/ Joseph N. Froehlich</u>
Joseph N. Froehlich
Brookfield Place
LOCKE LORD, LLP
200 Vesey Street, 20th Floor
New York, New York 10281
(212) 415-8600
jfroehlich@lockelord.com

John P. McDonald*
Brandan Montminy*
LOCKE LORD, LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800
jpmcdonald@lockelord.com
brandan.montminy@lockelord.com
*denotes national counsel intending to seek*
*admission pro hac vice*

*Attorneys for Defendant Henry Schein, Inc.*

-28-

*/s/ Niraj J. Parekh*
Niraj J. Parekh, Esq.
BARNES & THORNBURG LLP
445 Park Avenue, Suite 700
New York, New York 10022
Tel: (646) 746-2000
Email: nparekh@btlaw.com

Kathleen L. Matsoukas, Esq.
11 South Meridian Street
Indianapolis, Indiana 46204
Tel: (317) 231-7332
Email: Kathleen.Matsoukas@btlaw.com

*Counsel for H.D. Smith, LLC*

*/s/ Charles C. Lifland*
Charles C. Lifland*
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
(213) 430-6000
clifland@omm.com

*\* denotes national counsel who will seek pro
hac vice admission*

*Counsel for Defendants Johnson & Johnson
and Janssen Pharmaceuticals, Inc. (f/k/a
Ortho-McNeil-Janssen Pharmaceuticals, Inc.
f/k/a Janssen Pharmaceutica, Inc.)*

_/s/ Daniel G. Jarcho_
Daniel G. Jarcho*
ALSTON & BIRD LLP
950 F Street, NW
Washington, DC 20004
Telephone:   202-239-3300
daniel.jarcho@alston.com

Cari K. Dawson*
Jenny A. Hergenrother*
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309-3424
Telephone: 404-881-7000
cari.dawson@alston.com
jenny.hergenrother@alston.com

_Attorneys for Defendant Noramco, Inc._

_*Pro hac vice attorneys to be admitted_

_/s/ Kelly A. Moore_
Kelly A. Moore (NY Bar No. 2483675)
Morgan Lewis & Bockius LLP
101 Park Ave.
New York, NY 10178-0060
(212)-309-6612
Fax: (212) 309-6001
kelly.moore@morganlewis.com

_Counsel for Defendants Rite Aid of_
_Maryland, Inc., Rite Aid of New York, Inc._
_and Rite Aid Drug Palace, Inc._

*/s/ Michael H. Reed*
Michael H. Reed
YANKWITT LLP
140 Grand Street, Suite 705
White Plains, NY 10601
(914) 686-1500
Fax: (914) 487-5000
michael@yankwitt.com

*and*

Lester C. Houtz*
Alex J. Harris*
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
(303) 592-3177
Fax: (303) 592-3140
lester.houtz@bartlitbeck.com
alex.harris@bartlitbeck.com

*denotes national counsel who will seek pro
hac vice admission*

*Counsel for Defendants Walgreen Co., and
Walgreen Eastern Co., Inc.*

## **CERTIFICATE OF SERVICE**

I, James W. Carlson, hereby certify that on July 19, 2021, I electronically filed the

foregoing Notice with the Clerk's Office using the CM/ECF system, which sent notification of

the filing to all attorneys of record.  Pursuant to Local Rule 81(a)(4), the undersigned counsel for

Defendants Walmart Inc. and Wal-Mart Stores East, LP hereby certifies that the related notice of

removal and attachments thereto were provided to the other parties in this action listed in the

following tables via electronic and/or First Class mail.


DATED: July 19, 2021

*/s/ James W. Carlson*
James W. Carlson
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
Telephone: (412) 391-3939
Facsimile: (412) 394-7959
Email: jamescarlson@jonesday.com

| Plaintiffs | Attorneys |
|---|---|
| ERIE COUNTY MEDICAL CENTER CORPORATION; CATHOLIC HEALTH SYSTEM, INC.; SISTERS OF CHARITY HOSPITAL OF BUFFALO, NEW YORK; MERCY HOSPITAL OF BUFFALO; KENMORE MERCY HOSPITAL; MOUNT ST. MARY'S HOSPITAL OF NIAGARA FALLS; ELLIS HOSPITAL FOUNDATION, INC.; KALEIDA HEALTH; OLEAN GENERAL HOSPITAL; NIAGARA FALLS MEMORIAL MEDICAL CENTER; and ST. LUKE'S CORNWALL HOSPITAL | Marco Cercone, Esq. Arthur N. Bailey, Esq. Rupp Baase Pfalzgraf Cunningham LLC 1600 Liberty Building Buffalo, NY 14202 (716) 854-3400 cercone@ruppbaase.com bailey@ruppbaase.com |

| Defendant | Address |
|---|---|
| ABBOTT LABORATORIES AND ABBOTT LABORATORIES INC. | Alexia R. Brancato KIRKLAND & ELLIS LLP 601 Lexington Avenue New York, NY 10022 Tel: (212) 446-4800 Fax: (212) 446-4900 Email: alexia.brancato@kirkland.com |
| ALLERGAN FINANCE, LLC F/K/A ACTAVIS, INC. F/K/A WATSON PHARMACEUTICALS, INC., ALLERGAN SALES, LLC; AND ALLERGAN USA, INC. | Donna Welch, P.C. KIRKLAND & ELLIS LLP 300 North LaSalle Chicago, Illinois 60654 (312) 862-2000 donna.welch@kirkland.com |
| ALLSCRIPTS HEALTHCARE SOLUTIONS, INC. AND PRACTICE FUSION, INC. | Lee M. Hollis LIGHTFOOT FRANKLIN & WHITE, LLC 400 20th Street North Birmingham, AL 35203 205-581-0700 LHollis@lightfootlaw.com |

| | |
|---|---|
| AMERISOURCEBERGEN DRUG CORPORATION | Robert A. Nicholas<br>REED SMITH LLP<br>Three Logan Square<br>1717 Arch Street, Suite 3100<br>Philadelphia, Pennsylvania 19103<br>(215) 851-8100<br>rnicholas@reedsmith.com |
| AMNEAL PHARMACEUTICALS LLC | Michael Davis Hoenig<br>ULMER & BERNE LLP<br>Skylight Office Tower<br>1660 West 2nd Street, Suite 1100<br>Cleveland, OH  44113-1406<br>Tel:  216.583.7000<br>Fax:  216.583.7001<br>mhoenig@ulmer.com |
| ANDA, INC. | Rachel E. Kramer<br>FOLEY & LARDNER LLP<br>90 Park Avenue<br>New York, NY 10016-1314<br>Tel:     212.338.3545<br>Fax:     212.687.2329<br>Email: rkramer@foley.com |
| CARDINAL HEALTH, INC. | Franklin C. McRoberts<br>FARRELL FRITZ, P.C.<br>400 RXR Plaza<br>Uniondale, New York 11556-3826<br>(516) 227-0700<br>fmcroberts@ FarrellFritz.com |
| CEPHALON, INC., TEVA PHARMACEUTICALS USA, INC., WATSON LABORATORIES, INC., ACTAVIS LLC, AND ACTAVIS PHARMA, INC. | Pamela C. Holly<br>MORGAN, LEWIS & BOCKIUS LLP<br>101 Park Avenue<br>New York, NY 10178-0060<br>(212) 309-6000<br>pamela.holly@morganlewis.com |
| CVS PHARMACY, INC.; CVS ORLANDO FL DISTRIBUTION, L.L.C.; CVS PA DISTRIBUTION, L.L.C.; CVS TN DISTRIBUTION, L.L.C.; CVS VERO FL DISTRIBUTION, L.L.C.; CVS RX SERVICES, INC.; CVS ALBANY, L.L.C.; AND CVS INDIANA, L.L.C. | Devon Galloway<br>ZUCKERMAN SPAEDER LLP<br>485 Madison Avenue, 10th Floor<br>New York, New York 10022<br>dgalloway@zuckerman.com<br>Tel: 212.704-9600<br>Fax: 917.261.5864 |

| | |
|---|---|
| ENDO HEALTH SOLUTIONS INC. and ENDO PHARMACEUTICALS INC.; PHARMACEUTICALS COMPANIES, INC. and PAR PHARMACEUTICAL, INC. | Ingo. W. Sprie, Jr.<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>250 West 55th Street<br>New York, NY 10019-9710<br>(212) 836-8000<br>ingo.sprie@arnoldporter.com |
| HENRY SCHEIN, INC. | Joseph N. Froehlich<br>LOCKE LORD, LLP<br>Brookfield Place<br>200 Vesey Street, 20th Floor<br>New York, New York 10281<br>(212) 415-8600<br>jfroehlich@lockelord.com |
| H.D. SMITH, LLC | Niraj J. Parekh, Esq.<br>BARNES & THORNBURG LLP<br>445 Park Avenue, Suite 700<br>New York, New York 10022<br>Tel: (646) 746-2000<br>Email: nparekh@btlaw.com |
| JOHNSON & JOHNSON AND JANSSEN PHARMACEUTICALS, INC. (F/K/A ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. F/K/A JANSSEN PHARMACEUTICA, INC.) | Charles C. Lifland<br>O'MELVENY & MYERS LLP<br>400 S. Hope Street<br>Los Angeles, CA 90071<br>(213) 430-6000<br>clifland@omm.com |
| NORAMCO, INC. | Daniel G. Jarcho<br>ALSTON & BIRD LLP<br>950 F Street, NW<br>Washington, DC 20004<br>Telephone:   202-239-3300<br>daniel.jarcho@alston.com |
| RITE AID OF MARYLAND, INC., RITE AID OF NEW YORK, INC. AND RITE AID DRUG PALACE, INC. | Kelly A. Moore<br>MORGAN LEWIS & BOCKIUS LLP<br>101 Park Ave.<br>New York, NY 10178-0060<br>(212)-309-6612<br>Fax: (212) 309-6001<br>kelly.moore@morganlewis.com |

| WALGREEN CO., AND WALGREEN EASTERN CO., INC. | Michael H. Reed<br>YANKWITT LLP<br>140 Grand Street, Suite 705<br>White Plains, NY 10601<br>(914) 686-1500<br>Fax: (914) 487-5000<br>michael@yankwitt.com |
|---|---|