UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION
_____

ERIE COUNTY MEDICAL CENTER
CORPORATION, *et al.*,

                 Plaintiffs,

            vs.                          Docket No.:  1:21-cv-00826

TEVA PHARMACEUTICALS, USA,
*Et al.*,

                 Defendants.
_____


## <u>MEMORANDUM IN SUPPORT OF<br>PLAINTIFFS' EMERGENCY MOTION TO REMAND</u>

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ........................................................................................................................ 1

    I.      ARGUMENT .................................................................................................... 1

          A.      The Court Should Immediately Remand this Action on a Summary Basis
                Without Further Briefing .......................................................................... 1

          B.      There Is No Federal Subject Matter Jurisdiction and This Action Must Be
                Remanded. ................................................................................................ 5

CONCLUSION ....................................................................................................................... 18

# **TABLE OF AUTHORITIES**

**Cases**

*All. of Am. Insurers v. Cuomo*,
    854 F.2d 591 (2d Cir.1988)............................................................................. 1

*Bellido–Sullivan v. Am. Int'l Grp., Inc.*,
    123 F.Supp.2d 161 (S.D.N.Y.2000)................................................................. 6

*Caterpillar Inc. v. Williams*,
    482 U.S. 386 (1987).................................................................................... 6, 7

*Cattarin v. Kraft Foods N.A., Inc. Tip Plan*,
    No. 09–CV–534A, 2009 WL 3459662 (W.D.N.Y. Oct. 19, 2009) .................. 2

*Christianson v. Colt Indus. Operating Corp.*,
    486 U.S. 800 (1988)..................................................................................... 15

*City of Boston v. Purdue Pharma L.P.*,
    No. 1:18-cv-12174, Doc. 32 (D. Mass. Jan. 29, 2019) ................................... 3

*City of El Monte v. Purdue Pharma L.P.*,
    No. 2:19-cv-03588-JFW-PLA, 2019 U.S. Dist. LEXIS 101868 (C.D. Cal. June 18, 2019)
    .................................................................................................................. 3

*City of Reno v. Purdue Pharma, L.P.*,
    No. 3:18-cv-00454-MMD-WGC, 2018 WL 5730158 (D. Nev. Nov. 28, 2018)............... 3

*City of Worcester v. Purdue Pharma L.P.*,
    No. 4:18-11958-TSH, Doc. 36 (D. Mass. Nov. 21, 2018).......................... 5, 11

*Cnty. Bd. of Arlington Cnty. v. Purdue Pharma, L.P.*,
    No. 1:19-cv-402, ECF No. 63 (E.D. Va. May 6, 2019)................................... 3

*Cnty. of Anderson v. Rite Aid of S.C., Inc.*,
    No. 8:18cv1947, 2018 WL 8800188 (D.S.C. Aug. 20, 2018) ........................... 3

*Cnty. of Kern v. Purdue Pharma L.P.*,
    No. 1:19cv-00557-LJO-JLT, 2019 WL 3310668 (E.D. Cal. July 23, 2019) ............... 3, 10

*Craft v. United Ins.Co.*,
    No. Civ. A. 4:01CV339LN, 2002 WL 32509283 (S.D. Miss. 2002) ................................ 4

*DCH Health Care Auth. v. Purdue Pharma L.P.*,
    No. 9-0756-WS-C, 2019 WL 6493932 (S.D. Ala. Dec. 13, 2019)........................ 3, 10, 12

*Del. ex rel. Denn v. Purdue Pharma L.P.*,
    No. 1:18-383-RGA, 2018 WL 1942363 (D. Del. Apr. 25, 2018).......................... 3, 15, 17

ii

*DeLuca v. Tonawanda Coke Corp.*,
    No. 10-cv-859S, 2011 WL 3799985 (W.D.N.Y. Aug.26, 2011)........................................ 5

*Dinwiddie Cnty. v. Purdue Pharma, L.P.*,
    No. 3:19-cv-242, 2019 WL 2518130 (E.D. Va. June 18, 2019) .......................................... 3

*Dunaway v. Purdue Pharma, L.P.*,
    No. 2:19-cv-00038, 2019 WL 2211670 (M.D. Tenn. May 22, 2019) ............................... 3

*Empire Healthchoice Assurance, Inc. v. McVeigh*,
    547 U.S. 677 (2006)........................................................................................................ 17

*Fayetteville Ark. Hosp. Co., LLC v. Amneal Pharm., LLC*,
    No. 5:20-cv-5036, 2020 WL 2521515 (W.D. Ark. May 18, 2020) ......................... 2, 9, 12

*Fire and Police Retiree Health Care Fund, San Antonio v. CVS Health Corp.*,
    No. 4:19-cv-02089, Dkt. No. 21 (S.D. Tex. July 24, 2019)................................................ 3

*Fla. Health Scis. Ctr., Inc. v. Sackler*,
    No. 19-62992-CIV-MARTINEZ, 2020 WL 1046601 (S.D. Fla. Jan. 24, 2020)...... 3, 9, 12

*Fracasse v. People's United Bank*,
    747 F.3d 141 (2d Cir. 2014)........................................................................................... 16

*Granite City v. AmerisourceBergen Drug Corp.*,
    No. 18-CV-1367-SMY-DGW, 2018 WL 3408126 (S.D. Ill. July 13, 2018) ........... 2, 3, 11

*Greenwood Grp., LLC v. Brooklands, Inc.*,
    199 F.Supp.3d 682 (W.D.N.Y. 2016) .............................................................................. 7

*Gully v. First Nat'l Bank in Meridian*,
    299 U.S. 109 (1936)......................................................................................................... 6

*Gunn v. Minton*,
    568 U.S. 251 (2013)...................................................................................................... 8, 9

*Herrick Co., Inc. v. SCS Commc'ns, Inc.*,
    251 F.3d 315 (2nd Cir. 2001)....................................................................................... 4, 5

*Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*,
    535 U.S. 826 (2002)......................................................................................................... 7

*Ill. Pub. Risk Fund v. Purdue Pharma L.P.*,
    No. 19 C 3210, 2019 WL 3080929 (N.D. Ill. July 15, 2019) ............................ 3, 5, 10, 11

*In re Four Seasons Sec. Laws Litig.*,
    362 F. Supp. 574 (J.P.M.L. 1973)................................................................................... 4

*In Re: Nat'l Prescription Opiate Litig.,*
 MDL No. 2804, Doc. No. 899 (N.D. Ohio Aug, 23, 2018) .................................. 3, 10, 17

*In Re: Nat'l Prescription Opiate Litig.,*
 MDL No. 2804, Doc. No. 1987 (N.D. Ohio July 24, 2019) ........................................ 3, 10

*Kingman Hosp. Inc. v. Purdue Pharma L.P.,*
 No. CV-19-08240-PCT-JJT, 2019 WL 4024773 (D. Ariz. Aug. 27, 2019) .......... 3, 10, 13

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
 511 U.S. 375 (1994)................................................................................................. 5

*Lester E. Cox Med. Ctrs. v. Amneal Pharm., LLC,*
 No. 6:20-03152-CV-RK, 2020 WL 3171452 (W.D. Mo. June 15, 2020) ............... 2, 9, 12

*Lupo v. Human Affairs Int'l, Inc.,*
 28 F.3d 269 (2d Cir.1994)................................................................................... 6

*Marchak v. JPMorgan Chase & Co.,*
 No. 15-CV-4297, 2016 WL 3911926 (E.D.N.Y. July 15, 2016)..................................... 15

*Marcus v. AT & T Corp.,*
 138 F.3d 46 (2d Cir.1998)..................................................................................... 7

*Mayor & City Council of Baltimore v. Purdue Pharma L.P.,*
 No. GLR-18-800, 2018 WL 1963816 (D. Md. Apr. 25, 2018) ........................................ 4

*Merrell Dow Pharm., Inc. v. Thompson,*
 478 U.S. 804 (1986)................................................................................... 8, 15, 16, 17

*Meyers v. Bayer AG,*
 143 F. Supp. 2d 1044 (E.D. Wis. 2001)............................................................... 4

*Miss. Baptist Med. Ctr., Inc. v. Amneal Pharm., LLC,*
 No. 3:20-cv-00433-DPJ-FKB, Dkt. No. 94 (S.D. Miss. Sept. 28, 2020) ............... 2, 9, 12

*N.M. ex rel. Balderas v. Purdue Pharma, L.P.,*
 323 F. Supp. 3d 1242 (D.N.M. 2018) ....................................................................... 3, 17

*Oliver v. Trunkline Gas Co.,*
 796 F.2d 86 (5th Cir. 1986) .......................................................................... 16

*Payne v. Overhead Door Corp.,*
 172 F.Supp.2d 475 (S.D.N.Y.2001).................................................................. 7

*Purdue Pharma L.P. v. Kentucky,*
 704 F.3d 208 (2d Cir. 2013).......................................................................... 6

iv

*Qatar v. First Abu Dhabi Bank PJSC*,
    432 F.Supp.3d 401 (S.D.N.Y. 2020)................................................................. 9

*Rivet v. Regions Bank of La.*,
    522 U.S. 470 (1998)............................................................................................ 6

*Tucson Med. Ctr. v. Purdue Pharma*,
    No. CV-18-00532-TUC-RCC, 2018 WL 6629659 (D. Ariz. Dec. 19, 2018) ........ 3, 10, 13

*Uintah Cnty. v. Purdue Pharma, L.P.*,
    No. 2:18-cv-00585-RJS, 2018 WL 3747847 (D. Utah Aug. 7, 2018).............................. 3

*United Food & Com. Workers Union, Local 919 v. CenterMark Properties*,
    30 F.3d 298 (2d Cir. 1994).............................................................................. 6

*W. Va. ex rel. Morrisey v. McKesson Corp.*,
    No. 16-1772, 2017 WL 357307 (S.D.W. Va. Jan. 24, 2018).......................................... 3, 16

*Wayman v. Southard*,
    23 U.S. 1 (1825)................................................................................................ 4

*Weber Cnty. v. Purdue Pharma, L.P.*,
    No. 1:18-cv-00089-RJS, 2018 WL 3747846 (D. Utah Aug. 7, 2018)........................... 3, 11

*Winter v. Novartis Pharm. Corp.*,
    39 F.Supp.3d 348 (E.D.N.Y. 2014) ............................................................ 6

## Statutes

28 U.S.C. § 1447(c) ...................................................................................................... 1

## Other Authorities

Manual for Complex Litigation § 20.131 (4th ed. 2004)............................................ 4

## Rules

J.P.M.L. R. P. 1.5.......................................................................................................... 4

J.P.M.L. R. P. 2.1(d) ................................................................................................... 4

## INTRODUCTION

On May 11, 2021, Plaintiffs filed this action in the Erie County Supreme Court, New York, asserting one New York statutory claim and seven New York common law claims against Defendants. No claims asserted by Plaintiffs arise under any federal statute. Among other remedies, Plaintiffs seek injunctive relief, compensatory damages, treble damages, punitive damages, and monies towards abating the nuisance created by Defendants.

Notwithstanding the lack of diversity jurisdiction, the lack of a federal claim, and the lack of any other plausible basis for federal jurisdiction, Defendants Walmart Inc. and Wal-Mart Stores East, LP ("Walmart") have removed this action to this Court. *See* Dkt. No. 1 ("Removal"). Other Defendants consented to the removal. The same litigants have been doing so systematically in opioid-related litigations around the country – undeterred by a succession of adverse decisions in which motions to remand have been granted and in which many federal district courts have expressly rejected the same baseless arguments for removal they assert in this action.

### I.   ARGUMENT

### A.   The Court Should Immediately Remand this Action on a Summary Basis Without Further Briefing

Congress has made it clear that, "[i]f at *any time* […] it appears that [a] district court lacks subject matter jurisdiction,[1] the case *shall* be remanded." *See* 28 U.S.C. § 1447(c) (emphasis added). The Court need not wait for a response to this motion and does not require *any motion at all*—it is well-settled that a court may remand an action on its own initiative should subject matter jurisdiction be lacking. *See, e.g.*, *All. of Am. Insurers v. Cuomo*, 854 F.2d 591, 605 (2d Cir.1988) ("subject matter jurisdiction cannot be waived and may be raised *sua sponte* by the district court");

---

[1] For the reasons stated in Section II(B), *infra*, the Court lacks subject matter jurisdiction over this action.

*Cattarin v. Kraft Foods N.A., Inc. Tip Plan*, No. 09–CV–534A, 2009 WL 3459662, at *2 (W.D.N.Y. Oct. 19, 2009) (remanding case back to a state court *sua sponte* for lack of subject matter jurisdicion); *Granite City v. AmerisourceBergen Drug Corp.*, No. 18-CV-1367-SMY-DGW, 2018 WL 3408126, at *1 (S.D. Ill. July 13, 2018) (remanding an opioid-related action, *sua sponte*, finding no federal question jurisdiction existed).

Plaintiffs request this Court to simmarly remand this action to the Erie County Supreme Court. Without an expeditious ruling on this motion before this case is transferred to the National Opiate Litigation MDL in the Northern District of Ohio, the adjudication of Plaintiffs' claims will be indefinitely delayed. No court has adopted defendants' "federal question" argument.[2] To the contrary, courts have *unanimously* and *repeatedly* rejected the efforts by pharmaceutical manufacturers, distributors and national retail pharmacies to characterize state law claims related to the opioid crisis as presenting a "federal question," and have remanded such actions back to state courts.[3] Given Walmart's knowledge of adverse decisions by numerous federal courts

---

[2] Walmart cites to a number of cases that were transferred to the MDL from this district. Removal at 6, n.1, 2. However, none of these cases support a finding of federal jurisdiction. Three of the cited cases were orginally filed in federal court, and are irrelevant to this motion. *See Seneca Nation of Indians v.AmerisourceBergen Drug Corp.*, No. 1:18-cv-00620, Dkt. No. 1 (W.D.N.Y.); *City of Lackawanna v. Purdue Pharma, L.P..*, No. 1:19-cv-00485, Dkt. No. 1 (W.D.N.Y.); *City of Geneva v. Purdue Pharma, L.P. et al.*, No. 6:19-cv-06186, Dkt. No. 1 (W.D.N.Y.). The rest of the cases are also unhelpful. *See A.M.H. v. Purdue Pharma L.P.*, No. 1:18-cv-01018, Dkt. No. 37 (W.D.N.Y.) (case transferred to MDL without ruling by the district court on any briefings); *City of Rochester v. Purdue Pharma L.P.*, No. 6:19-cv-06490, Dkt. No. 62 (W.D.N.Y.) (case transferred without adjudication on the motion to remand). In *City of Buffalo v. Purdue Pharma L.P.*, No. 1:19-cv-01517, Dkt. No. 18 (W.D.N.Y.), the plaintiff did not contest the removal of its case to this district, and consequently, the case was transferred to the MDL.

[3] *See, e.g.*, Order, *Miss. Baptist Med. Ctr., Inc. v. Amneal Pharm., LLC*, No. 3:20-cv-00433-DPJ-FKB, Dkt. No. 94 at 26 (S.D. Miss. Sept. 28, 2020) (granting the hospital plaintiffs' motion to remand, finding no federal question jurisdiction existed); *Lester E. Cox Med. Ctrs. v. Amneal Pharm., LLC*, No. 6:20-03152-CV-RK, 2020 WL 3171452, at *3 (W.D. Mo. June 15, 2020) (granting the hospital plaintiffs' motion to remand, finding no federal question jurisdiction existed); *Fayetteville Ark. Hosp. Co., LLC v. Amneal Pharm., LLC*, No. 5:20-cv-5036, 2020 WL 2521515, at *1 (W.D. Ark. May 18, 2020) (same); *Fla. Health Scis. Ctr., Inc. v. Sackler*, No. 19-62992-CIV-

2

rejecting the "federal question" arguments in removal proceedings, the only possible reason for

Walmart to remove this case was to delay the resolution of Plaintiffs' claims by orchestrating the

transfer of the case into the MDL.

---

MARTINEZ, 2020 WL 1046601, at *7 (S.D. Fla. Jan. 24, 2020) (same); *DCH Health Care Auth. v. Purdue Pharma L.P.*, No. 9-0756-WS-C, 2019 WL 6493932, at *1 (S.D. Ala. Dec. 13, 2019) (same); *Kingman Hosp. Inc. v. Purdue Pharma L.P.*, No. CV-19-08240-PCT-JJT, 2019 WL 4024773, at *2 (D. Ariz. Aug. 27, 2019) (granting the hospital plaintiffs' emergency motion to remand without further response by defendants to the motion, finding no federal question jurisdiction existed); *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Dkt. No. 1987, at 3 (N.D. Ohio July 24, 2019) (remanding actions brought by Jefferson County and Franklin County to a state court in Missouri, finding that "[t]here are no federal causes of action, and the claim of federal jurisdiction by the removing Defendant is very tenuous"); *Fire and Police Retiree Health Care Fund, San Antonio v. CVS Health Corp.*, No. 4:19-cv-02089, Dkt. No. 21 at 7 (S.D. Tex. July 24, 2019) (granting a motion to remand, finding no federal question jurisdiction existed); *Cnty. of Kern v. Purdue Pharma L.P.*, No. 1:19cv-00557-LJO-JLT, 2019 WL 3310668 (E.D. Cal. July 23, 2019) (same); *Mecklenburg Cnty. v. Purdue Pharma, L.P.*, No. 3:19-cv-463, 2019 WL 3207795 (E.D. Va. July 16, 2019) (same); *Ill. Pub. Risk Fund v. Purdue Pharma L.P.*, No. 19 C 3210, 2019 WL 3080929 (N.D. Ill. July 15, 2019) (same); *Dinwiddie Cnty. v. Purdue Pharma, L.P.*, No. 3:19-cv-242, 2019 WL 2518130 (E.D. Va. June 18, 2019) (same); *City of El Monte v. Purdue Pharma L.P.*, No. 2:19-cv-03588-JFW-PLA, 2019 U.S. Dist. LEXIS 101868 (C.D. Cal. June 18, 2019) (same); *Dunaway v. Purdue Pharma, L.P.*, No. 2:19-cv-00038, 2019 WL 2211670 (M.D. Tenn. May 22, 2019) (same); *Cnty. Bd. of Arlington Cnty. v. Purdue Pharma, L.P.*, No. 1:19-cv-402, Dkt. No. 63 (E.D. Va. May 6, 2019) (same); *City of Boston v. Purdue Pharma L.P.*, No. 1:18-cv-12174, Dkt. No. 32 (D. Mass. Jan. 29, 2019) (same); *Tucson Med. Ctr. v. Purdue Pharma*, No. CV-18-00532-TUC-RCC, 2018 WL 6629659 (D. Ariz. Dec. 19, 2018) (same); *City of Reno v. Purdue Pharma, L.P.*, No. 3:18-cv-00454-MMD-WGC, 2018 WL 5730158 (D. Nev. Nov. 28, 2018) (same); *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Dkt. No. 899 (N.D. Ohio Aug, 23, 2018) (same); *Cnty. of Anderson v. Rite Aid of S.C., Inc.*, No. 8:18cv1947, 2018 WL 8800188, at *10 (D.S.C. Aug. 20, 2018) (same); *Weber Cnty. v. Purdue Pharma, L.P.*, No. 1:18-cv-00089-RJS, 2018 WL 3747846 (D. Utah Aug. 7, 2018) (same); *Uintah Cnty. v. Purdue Pharma, L.P.*, No. 2:18-cv-00585-RJS, 2018 WL 3747847 (D. Utah Aug. 7, 2018) (same); *Granite City v. AmerisourceBergen Drug Corp.*, No. 18-CV-1367-SMY-DGW, 2018 WL 3408126 (S.D. Ill. July 13, 2018) (remanding the action, *sua sponte*, finding no federal question jurisdiction existed); *N.M. ex rel. Balderas v. Purdue Pharma, L.P.*, 323 F. Supp. 3d 1242 (D.N.M. 2018) (granting a motion to remand, finding no federal question jurisdiction existed); *Del. ex rel. Denn v. Purdue Pharma L.P.*, No. 1:18-383-RGA, 2018 WL 1942363 (D. Del. Apr. 25, 2018) (same); *W. Va. ex rel. Morrisey v. McKesson Corp.*, No. 16-1772, 2017 WL 357307 (S.D.W. Va. Jan. 24, 2018) (same). All orders of remand cited herein which are not currently available on West Law or Lexis are collectively attached as Exhibit 1 to the Declaration of Marco Cercone submitted concurrently herewith.

An expedited disposition is warranted, "because the right to litigate in the MDL depends on the existence of federal jurisdiction in the first place." *Mayor & City Council of Baltimore v. Purdue Pharma L.P.*, No. GLR-18-800, 2018 WL 1963816, at \*3 (D. Md. Apr. 25, 2018) (citing Manual for Complex Litigation § 20.131 (4th ed. 2004)). "[I]f the federal court has no jurisdiction over a matter, then it can neither stay it nor transfer it to the MDL." *Craft v. United Ins. Co.*, No. Civ. A. 4:01CV339LN, 2002 WL 32509283, at \*1 (S.D. Miss. 2002) (collecting cases from Alabama, West Virginia, Pennsylvania, New Jersey, New York, California, and Wisconsin).

Even after motion practice concerning MDL transfer is pending before the JPML, this Court retains the authority[4] and responsibility to evaluate its subject matter jurisdiction. As the Second Circuit has also instructed, courts "must consider arguments attacking federal jurisdiction whenever they arise." *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2nd Cir. 2001). A court's "first step should be to make a preliminary assessment of the jurisdictional issue," and, if this first step indicates that removal was improper, the court should remand the case back to the state court before the JPML makes a determination as to MDL transfer. *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1048-49 (E.D. Wis. 2001). The Court should follow the instruction of the Second

---

[4] This Court's ruling on Plaintiffs' Emergency Motion to Remand is in *no way* affected by the pendency of a motion for transfer to the MDL. Rule 2.1(d) of the Rules of the Judicial Panel on Multidistrict Litigation states: "The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend order and pretrial proceedings in the district court in which the action is pending and *does not in any way limit* the pretrial jurisdiction of that court. (emphasis added)" Accordingly, "[d]uring the pendency of a motion (or show cause order) for transfer, … the court in which the action was filed retains jurisdiction over the case." *See* Manual for Complex Litigation, Fourth, § 20.131 at 220 (citing J.P.M.L. R. P. 1.5; *In re Four Seasons Sec. Laws Litig.*, 362 F. Supp. 574 (J.P.M.L. 1973); *see also Wayman v. Southard*, 23 U.S. 1, 22 (1825) ("The judicial department is invested with jurisdiction in certain specified cases, in all which it has power to render judgment.").

Circuit and the lead of those other federal district courts that have expeditiously remanded opioid-related actions before they can be transferred to the MDL Court.

This action does not belong in federal court. Nor does the potential transfer to the MDL in any way preclude a ruling from this Court on the remand motion. If this Court does not act expeditiously, given that the MDL court has placed a moratorium on all motions to remand, Defendants' delay strategy would work successfully to delay Plaintiffs' pursuit of justice. *See City of Worcester v. Purdue Pharma L.P.*, No. 4:18-11958-TSH, Dkt. No. 36, at 4 (D. Mass. Nov. 21, 2018) ("Needlessly causing delays when there is clearly no jurisdiction would . . . constitute a travesty of justice."); *Ill. Pub. Risk Fund v. Purdue Pharma L.P.*, No. 19 C 3210, 2019 WL 3080929 (N.D. Ill. July 15, 2019) ("The Court is reticent to reward what may be a deliberate strategy of filing unmeritorious notices of removal in order to delay—or altogether avoid—litigating these cases.").

Plaintiffs respectfully request the Court to expedite its consideration of their motion to remand.

**B.      There Is No Federal Subject Matter Jurisdiction and This Action Must Be Remanded.**

**1.      The Removal Statute Must be Strictly Construed and All Doubts Should be Resolved Against Removal**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The Second Circuit recognized the restriction on federal judicial power and ruled that "jurisdiction is not a game," and "it is one of the fundamental tenets of our Constitution that only some cases may be brought in federal court." *Herrick Co., Inc.*, 251 F.3d at 322 (quotation and quotaion marks omitted). *See also DeLuca v. Tonawanda Coke Corp.*, No. 10-cv-859S, 2011 WL 3799985, at *7 (W.D.N.Y. Aug.26, 2011)

(finding that "this Court is constrained to construe the removal provision narrowly and with the presumption against removal"); *Winter v. Novartis Pharm. Corp.*, 39 F.Supp.3d 348, 350 (E.D.N.Y. 2014) ("In a case removed to federal court from state court, the removal statute is to be interpreted narrowly[.]") (citing *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir.1994)). As such, the party seeking removal "has the burden of establishing that removal is proper." *United Food & Com. Workers Union, Local 919 v. CenterMark Properties*, 30 F.3d 298, 301 (2d Cir. 1994) (citations omitted). If the Court determines that the removing party has failed to meet its burden, then the Court should remand the case back to the state court. Moreover, when ambiguities arise in determining whether federal jurisdiction is established, any doubt about the propriety of removal must be resolved "against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013). *See also Bellido–Sullivan v. Am. Int'l Grp., Inc.*, 123 F.Supp.2d 161, 163 (S.D.N.Y.2000) (finding that "the party seeking remand is presumed to be entitled to it unless the removing party can demonstrate otherwise").

## 2. There is No Federal Question Jurisdiction Presented in This Action.

### a) There Are No Federal Claims on The Face of The Complaint

["F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). *See also Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (same). "By unimpeachable authority, a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 116 (1936).

Plaintiffs' claims and allegations contained within its Complaint are *all* founded upon state law, in this instance, the laws of New York:

a. Claim I is a cause of action for violation of New York's Consumer Protection from Deceptive Acts and Practices Statute;

6

b.      Claim II is a cause of action for negligence under New York common law;

c.      Claim III is a cause of action for nuisance under New York common law;

d.      Claim IV is a cause of action for unjust enrichment under New York common law;

e.      Claim V is a cause of action for fraud and deceit under New York common law;

f.      Claim VI is a cause of action for fraudulent concealment under New York common law;

g.      Claim VII is a cause of action for civil conspiracy under New York common law; and

h.      Claim VIII is a cause of action for concert of action under New York common law;

The "well-pleaded complaint rule" requires that the Court reads Plaintiffs' claims as they appear in Plaintiffs' own statements in the complaint in determining whether the claims arose under any federal law. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002) (citation omitted). "Under the well-pleaded complaint rule, the plaintiff is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." *Marcus v. AT & T Corp.*, 138 F.3d 46, 52 (2d Cir.1998) (citing *Caterpillar*, 482 U.S. at 392). As Walmart concedes, Plaintiffs plead *solely* New York state law claims. Thus, the "well-pleaded complaint rule" provides no ground for removal. Even if there was any statement in the pleading that raised any doubts regarding jurisdiction, they should be resolved "in favor of remand." *Greenwood Grp., LLC v. Brooklands, Inc.*, 199 F.Supp.3d 682, 685 (W.D.N.Y. 2016) (quoting *Payne v. Overhead Door Corp.*, 172 F.Supp.2d 475, 477 (S.D.N.Y.2001)).

Because Plaintiffs do not seek relief under any federal law, no federal question is raised and no federal question jurisdiction exists.

### 3.      Defendants Fail to Establish Federal Question Jurisdiction

The Supreme Court has recognized "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction," and such jurisdiction will

only lie in a very narrow category of cases which necessarily rest on a "substantial federal question." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986). District courts therefore must exercise "prudence and restraint" when determining whether a state cause of action presents a substantial federal question because "determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system." *Merrell Dow*, 478 U.S. at 810.

Justice Robert's opinion in *Gunn v. Minton*, 568 U.S. 251 (2013) instructs that a case arises under federal law when federal law creates the claim asserted and that this accounts for almost all suits under federal law with only a few extremely rare exceptions. 568 U.S. 251, 257. In *Gunn*, the plaintiff based his legal malpractice case on an error made by his lawyer in applying the federal patent act which expressly provides for federal jurisdiction and eliminates state jurisdiction. The Supreme Court acknowledged that a resolution of the federal patent law was necessary to the plaintiff's case. But, this did not create federal subject matter jurisdiction for the malpractice claim. There was no substantial federal question because the issue was not important to the federal system as a whole but was only significant to the particular parties to the action. *Id.* at 264. Likewise, this action does not fall within one of the extremely rare exceptions and *Gunn* compels a remand.

The bases for Walmart's removal are the references to federal statutes in the Complaint. Walmart further argues that Defendants' duties arise *solely* under the Federal Controlled Substances Act ("FCSA") and its implementing regulations. As such, Walmart argues that this Court has jurisdiction because "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state

balance approved by Congress." Removal at ¶ 34 (citing *Gunn*, 568 U.S. at 258).[5] But Walmart's transmutation of Plaintiffs' Complaint is a baseless fiction and there is no substantial federal question as only the interests of the parties are at stake and no matter how resolved, it does not affect the FCSA.

Moreover, Walmart's meritless arguments have been *expressly* and *repeatedly* rejected by other courts. Thus far, courts, including the MDL court, have *repeatedly* rejected the efforts by pharmaceutical manufacturers, distributors and national retail pharmacies to characterize state law claims related to the opioid crisis as presenting a "federal question," and have remanded such actions back to state courts. *See, e.g.*, *Miss. Baptist Med. Ctr., Inc.*, No. 3:20-cv-00433-DPJ-FKB, Dkt. No. 94 at 12-13 (finding that "[defendant] has not shown that Plaintiffs' claims fit within the "slim category" of cases where arising-under jurisdiction exists despite the lack of a pleaded federal claim" and that "this finding follows a well-established line in similar opioid litigation"); *Lester E. Cox Med. Cntrs*, 2020 WL 3171452, at *2 ("A state claim that incorporates a violation of federal law is insufficient to demonstrate the federal issue is "substantial."); *Fayetteville Ark. Hosp. Co., LLC*, 2020 WL 2521515, at *2 ("Looking at the complaint as pleaded, however, the Court cannot conclude that the CSA is necessarily raised nor substantially implicated by the pleadings. Plaintiffs have relied on state statutory and common law theories for each of their claims."); *Fla. Health Scis. Ctr., Inc.*, 2020 WL 1046601, at *4 (finding that "the CSA does not confer federal subject matter jurisdiction for removal"); *DCH Health Care Auth.*, 2019 WL

---

[5] Walmart bears the heavy burden to show that all four requirments under the *Gunn* test are met. Remand is proper when Walmart fails to satify any one of these requirements because "[t]his is not a balancing test—if any one of these four prongs is absent, there is no federal jurisdiction." *Qatar v. First Abu Dhabi Bank PJSC*, 432 F.Supp.3d 401, 414 (S.D.N.Y. 2020) (citing *Gunn*, 568 U.S. at 258). This case should be remanded because Walmart fails to show that any one of the requirments under *Gunn* is met.

6493932, at *3 (finding that "references to the CSA" "does not of itself establish that the complaint ['']necessarily raise[s]['] a federal issue."); *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Dkt. No. 1987 at *3 (finding that "[t]here are no federal causes of action, and the claim of federal jurisdiction by the removing Defendant is very tenuous"); *In Re: Nat'l Prescription Opiate Litig.*, Dkt. No. 899, at 6 (remanding action to a state court in Montana, finding no federal issue was raised by the plaintiff's complaint); *Tucson Med. Ctr.*, 2018 WL 6629659, at *3 ("AmerisourceBergen has failed to show that the Plaintiff must prove a violation of federal law in order to prevail on its claims. Under the *Gunn* framework, this is cause enough to order a remand."); *Kingman Hosp. Inc.*, 2019 WL 4024773, at *3 (finding that "to the extent the Complaint raises any question under the Controlled Substances Act, the question is not substantial, resolution of the question is not essential for Plaintiffs to succeed, and the Controlled Substances Act does not provide for a private right of action, indicating that Congress did not intend that federal courts would exercise federal question jurisdiction and provide remedies under the statute."); *Cnty. of Kern*, 2019 WL 3310668, at *3 ("In short, Plaintiffs do not plead any federal causes of action on the face of their complaint. Their claims do not necessarily raise a federal issue because the claims' validity does not depend on questions of federal law."); *Mecklenburg Cnty.*, 2019 WL 3207795, at *6 ("As a preliminary matter, every Count of the Complaint is a state law claim either under a [state] statute or [state] common law. . . . no claims depend exclusively (or even primarily) on their duty under federal law. Instead, each claim could go forward even without a reference to federal law. Accordingly, the Court does not have federal question jurisdiction over the claims."); *Ill. Pub. Risk Fund*, 2019 WL 3080929, at *2 ("As many other courts have found in similar cases concerning the manufacture and distribution of opioids, these alleged state-law duties mean that the construction of the Controlled Substances Act is not a necessary part of the plaintiff's claims.");

10

*Granite City*, 2018 WL 3408126, at *2 ("While the Complaint references some duties or requirements that may also exist under the CSA, those references alone are insufficient to create federal question jurisdiction."); *City of Worcester*, Dkt. No. 36, at 8 ("Because Plaintiff is not required to prove Defendants violated federal law to prevail, a federal question is not necessarily presented. Therefore, this Court does not have federal question jurisdiction"); *Weber Cnty.*, 2018 WL 3747846, at *5 (finding that the plaintiff "asserts only state law claims, and provides bases for the claims which do not arise out of or necessarily depend on an interpretation of a disputed CSA provision" and thus "the Complaint does not necessarily raise federal issues").

In every one of these cases, the defendants contended that the state law claims necessarily presented a substantial federal issue because the claims arose under the CSA or otherwise necessarily were based, somehow, on the federal regulatory scheme pertaining to pharmaceutical products. In every one of these cases, the defendants lost. Yet, they persist in removing cases in which similar state law claims are asserted. For instance, in *Granite City v. AmerisourceBergen Drug Corp.*, defendants had removed the case based on federal question. The district court remanded the action to state court, *sua sponte*, without awaiting a formal motion to remand. *See* 2018 WL 3408126, at *2 (finding that "this case as pleaded raises garden-variety state law tort claims"). In *Ill. Pub. Risk Fund*, the court specifically rejected the argument that "the putative state-law bases for the defendant's duty necessarily raise federal questions because the Illinois Controlled Substances Act and associated regulations incorporate federal law." 2019 WL 3080929, at *2. The court ruled that "reference to federal law does not suggest that a federal issue will inevitably arise; to the contrary, by referring to [']state and local laws and regulations,['] [the Illinois statute] supports the plaintiff's contention that Illinois law imposes duties independent of the defendants' obligations to comply with federal law." *Id.* In *DCH Health Care Authority v.*

11

*Purdue Pharma L.P.*, the defendants argued, as they do here, that "[state law] imposes no duty other than to follow federal law, such that federal law remains the exclusive source of duty." 2019 WL 6493932, at *3. That argument was rejected. *See id.* at *4 ("[S]ince [Defendant] does not explain how the content of any state statutory or regulatory duty to report and stop suspicious orders must perforce be supplied by federal law, the Court will not indulge any such assumption."). Similarly, the Court should reject Walmart's argument here.

Defendants' attempts to remove cases brought by hospitals in state courts on an alleged "federal question jurisdiction" basis have failed *repeatedly*. For instances, in seven recent actions brought by hospitals against a similar group of opioid defendants, the same lines of arguments have been repeated, and flatly rejected. *See Miss. Baptist Med. Ctr., Inc.*, Dkt. No. 94 at 5 (rejecting the argument that the CSA is "the only possible source of the alleged duties" and finding that "none of these causes of action raise a federal question"); *Lester E. Cox Med. Ctrs.*, 2020 WL 3171452, at **1-3 (rejecting the argument that "Plaintiffs' complaint raises a substantial issue of federal law" and finding that "Plaintiffs' state-law claims do not fall within the [']special and small category['] of state claims that can be deemed to arise under federal law"); *Fayetteville Ark. Hosp. Co., LLC*, 2020 WL 2521515, at *2 (rejecting the argument that "Plaintiffs' allegations that Defendants failed to report and halt suspicious orders [relied] on duties that only arise out of the CSA and related federal regulations and agency guidance"); *Fla. Health Scis. Ctr., Inc.*, 2020 WL 1046601, at *3 (rejecting the argument that "despite the explicit duties under [state] law listed in the Complaint, it is really the violation of the federally imposed duties under the CSA that give rise to Plaintiffs' asserted causes of action"); *DCH Health Care Auth.*, 2019 WL 6493932, at *5 (rejecting the argument that "a federal issue is necessarily raised because the complaint [']implicates the actions of['] the Drug Enforcement Agency ("DEA") and because it [']amounts to a collateral attack on

an entire [federal] regulatory scheme.[']"); *Tucson Med. Ctr.*, 2018 WL 6629659, at *1 (rejecting

the argument that "state law claims necessarily raise federal questions under 21 U.S.C. §§ 801, the

Controlled Substances Act ("CSA")."); *Kingman Hosp. Inc.*, 2019 WL 4024773, at *2 (rejecting

the argument that "Plaintiffs' [']right to relief necessarily depends on resolution of a substantial

question of federal law[']—namely, responsibilities under the Controlled Substances Act."). The

same conclusion applies here. Walmart provides no reason for the Court to find otherwise.

And, none of the *Gunn* elements for removal are met in Plaintiffs' case. As shown above,

courts around the country have found that similar allegations of state law claims do not

"necessarily" raise any federal question. Specifically, the Complaint here implicates numerous

statutory and common law duties arising under state law.[6] The Complaint, like others asserted

---

[6] *See, e.g.*, Compl. ¶ 773 ("Defendants are all required to register as either manufacturers, distributors, or dispensers pursuant to section 3310 of the New York Public Health Law and section 6808 of the New York Education Law. New York statutes and regulations impose non-delegable duties upon registrants to maintain effective controls against diversion, to maintain adequate records, and to design and operate a system to disclose to the registrant suspicious orders of controlled substances. N.Y. Pub. Health Law §§ 3313, 3316, 3331, 3350; N.Y. Comp. Codes R. & Regs. tit. 10, §§ 80.22, 80.65, 80.76, 910.2."). *See also* Compl. ¶ 774 ("New York common law imposes (1) duties of reasonable care upon persons who market, distribute, and dispense opioids to maintain effective controls against diversion and to avoid engaging in deceptive or misleading marketing practices; and (2) liability under the common law of nuisance against persons who negligently, recklessly, and/or intentionally cause the distribution or dispensing of narcotics through unauthorized channels and/or to persons to whom they should not be distributed or dispensed."); Compl. ¶ 775 ("Each Defendant was registered with the New York State Board of Pharmacy to possess and offer for sale "drugs, prescriptions or poisons." N.Y. Educ. Law § 6808."); Compl. ¶ 776 ("The Marketing and Distributor Defendants may not engage in "unprofessional conduct." N.Y. Comp. Codes R. & Regs. tit. 8, §§ 29.1(a) (resident defendants), 63.8(b)(2) (nonresident defendants). Such conduct includes: 1) willful or grossly negligent failure to comply with substantial provisions of Federal, State or local laws, rules or regulations governing the practice of the profession; (2) exercising undue influence on the patient or client, including the promotion of the sale of services, goods, appliances or drugs in such manner as to exploit the patient or client for the financial gain of the practitioner or of a third party; . . . (5) conduct in the practice of a profession which evidences moral unfitness to practice the profession; (6) willfully making or filing a false report, or failing to file a report required by law or by the Education Department, or willfully impeding or obstructing such filing, or inducing another person to do so; . . . (12) advertising or soliciting for patronage that is not in the public interest. . ."); Compl.¶

against the defendants elsewhere, cannot be plausibly construed as asserting claims that necessarily require resolution of substantial federal questions because it invokes many duties and requirements arising under state law. For instance, the Complaint alleges, among others, that "the New York State Controlled Substances Act, N.Y. Pub. Health Law §§ 3300, *et seq.*, the Education Law provisions regulating the profession of pharmacy, N.Y. Educ. Law §§ 6800, *et seq.*, and their implementing regulations require that Defendants know their customers, which includes, an awareness of the customer base, knowledge of the average prescriptions filled each day, the percentage of controlled substances compared to overall purchases, a description of how the dispenser fulfills its responsibility to ensure that prescriptions filled are for legitimate medical purposes, and identification of physicians and bogus centers for the alleged treatment of pain that are the dispenser's most frequent prescribers. " Compl. ¶ 1273. "Defendants have violated New York law by failing to report suspicious orders of opioid pain medications, by failing to maintain effective controls and procedures against diversion of opioids into other than legitimate medical channels, and by failing to operate a system to stop or at least to diligently respond to the orders

---

777 ("Under section 6808 of the New York Education Law, "[e]very owner of a pharmacy or every pharmacist in charge of a pharmacy shall be responsible for the proper conduct of this pharmacy." It is improper for a pharmacy to knowingly dispense prescription drugs when the prescription "is not issued for legitimate medical purposes." N.Y. Comp. Codes R. & Regs. tit. 10, § 910.2. Moreover, New York law forbids dispensing controlled substances "to an addict or habitual user." N.Y. Pub. Health Law §§ 3331(1), 3350; N.Y. Comp. Codes R. & Regs. tit. 10, §§ 80.65, 80.76."); Compl. ¶ 778 ("Defendants also had legal duties to prevent diversion and to monitor, report, and prevent suspicious orders of prescription opioids under New York law: "The licensee shall establish and operate a system to disclose to the licensee suspicious orders for controlled substances and inform the department of such suspicious orders." N.Y. Comp. Codes R. & Regs. tit. 10, § 80.22."); Compl. ¶ 780 ("Defendants have a duty to report suspicious orders or prescriptions in order to prevent diversion even if diversion is only possible rather than affirmatively proven. *See* N.Y. Comp. Codes R. & Regs. tit. 10, § 80.110 (requiring any person authorized to possess controlled substances to "promptly notify the department of each incident <u>or alleged incident</u> of theft, loss or <u>possible diversion</u> of controlled substances manufactured, ordered, distributed or possessed by such person" (emphasis added))").

which were flagged or should have been flagged as suspicious." Compl. ¶ 1274. *See also* Compl. ¶ 1309 ("New York specifically provides that the maintenance of any "premises, place or resort where persons come or gather for purposes of engaged in the unlawful sale of controlled substances" constitutes criminal nuisance. N.Y. Penal Law § 240.46. Defendants' facilities within New York from which they sold prescription opioids in contravention of the laws and regulations governing sale of controlled substances are thus public nuisances.") As the court found in *Delaware ex rel. Denn*, "[a]lthough the complaint addresses some duties or requirements under the FCSA, the complaint also lists several other duties and standards that arise solely under state statutory or common law," and thus "it is possible for the state law claims to be resolved solely under state law." 2018 WL 1942363, at *2. Thus, Walmart's argument that "the Complaint necessarily raises a federal issue" is incorrect and must be rejected. Removal at ¶ 39.

Further, Walmart fails to establish that any "federal interest" in this case is "substantial." "[T]he absence of a private right of action, while not dispositive, is evidence of ['a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal question jurisdiction.[']" *Marchak v. JPMorgan Chase & Co.*, No. 15-CV-4297, 2016 WL 3911926, at *6 (E.D.N.Y. July 15, 2016) (citing *Merrell Dow*, 478 U.S. at 814). "When we conclude that Congress has decided not to provide a particular federal remedy, we are not free to ['supplement['] that decision in a way that makes it ['meaningless.[']" *Merrell Dow*, 478 U.S. at 812 n.10. More importantly, when a claim may be supported by a federal law theory but also an alternative theory which would *not* require resolution of "substantial federal questions," federal jurisdiction does not exist. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810 (1988) (finding that if a claim is supported not

only by a theory establishing federal subject matter jurisdiction but *also* by an alternative theory which would *not* establish such jurisdiction, then federal subject matter jurisdiction *does not exist*).

Walmart suggests that because certain of the New York statutes cited in the Complaint incorporate federal standards, that somehow creates a substantial federal question. Removal, at ¶ 37.[7] This is simply wrong. Mere references to federal laws and regulations simply "do [] not operate to unlock the federal courts." *W. Va. ex rel. Morrisey*, 2017 WL 357307, at *8. Here, the mere references to federal laws and regulations in the Complaint does not create a "substantial" federal question. In fact, the Supreme Court in *Merrell Dow* flatly rejected the suggestion (that had previously gained traction in some courts) that "where a state law incorporates federal law as the applicable state standard . . . this is enough to create federal-question jurisdiction." *Oliver v. Trunkline Gas Co.*, 796 F.2d 86, 89 (5th Cir. 1986) (citing *Merrell Dow*, 478 U.S. at 817). The Second Circuit has also directly rejected similar line of arguments. *See Fracasse v. People's United Bank*, 747 F.3d 141, 145 (2d Cir. 2014) ("Were we to adopt People's reasoning to conclude that the district court did have subject matter jurisdiction, then every state law claim that adverts in any part to a proposition of federal law would satisfy the "substantiality" requirement. Such an interpretation would render inquiry as to whether the claims [']arise under['] federal law meaningless and clearly fly in the face of the Supreme Court's test in *Gunn*).

Even if one or more of Plaintiffs' state law claims were premised *in part* on violations of federal law, that, by itself would not be "substantial" so as to to invoke federal jurisdiction. *See*

---

[7] Further, nowhere in the Complaint do Plaintiffs "attempt to enforce the CSA." Removal at ¶ 44. To be clear, Plaintiffs allege that "[t]hrough their marketing, Defendants overcame barriers to widespread prescribing of opioids for chronic pain with deceptive messages about the risks, benefits, and sustainability of long-term opioid use. These harms were compounded by supplying an extravagant quantity of into New York communities, so much that the only logical conclusion was that the product was being diverted and used illicitly. " Compl. ¶ 171. No claim in this action arises under federal law or attempts to enforce the CSA.

*N.M. ex rel. Balderas*, 323 F. Supp. 3d at 1252 ("Even if there was a violation of the [CSA], its promulgated rules, and the DEA's interpretation of the statute, no large-scale federal interests of the kind in *Grable*—the tax code—are implicated by such a violation."); *Del. ex rel. Denn*, 2018 WL 1942363, at *4 (finding that "whether Defendants violated the FCSA is not substantial to the government as a whole. Most importantly, the parties do not seek to interpret the FCSA such that it affects the manner in which the government operates[]"). *See also*, *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Dkt. No. 899, at 5-6 (N.D. Ohio Aug. 23, 2018) (finding that "the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction. . . . [Plaintiff] does not assert that [Defendant]'s drug labels violate the [federal statute]. However, even if they had, *Merrell Dow* instructs that this would still not be substantial enough to warrant federal question jurisdiction. Thus, as all doubts about removal should be resolved in favor of remand, the Court finds that remand in this case is proper.") (quoting *Merrell Dow*, 478 U.S. at 814). In *Grable & Sons Metal Prods., Inc.*, the Supreme Court reiterated the conclusion and stated that "if the federal labeling standard without a federal cause of action could get a state claim into federal court, *so could any other federal standard without a federal cause of action.*" 545 U.S. 308, 318 (2005) (emphasis added). In any event, a state court "is competent to apply federal law, to the extent it is relevant," particularly, when as here, the claims pleaded are governed by state law. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 681 (2006).

In sum, the Erie County Supreme Court need not "necessarily" resolve any "substantial" federal question to adjudicate Plaintiffs' claims, much less one that would rise to the level of significant public importance "substantial to the federal system as a whole" as defined in *Gunn*.

**CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully pray that, pursuant to 28 U.S.C. §
1447(c), this action be promptly remanded to the the Supreme Court of the State of New York,
County of Erie. Plaintiffs further request that the Court to set an expedited briefing schedule for
this motion.

Dated: July 28, 2021                    Respectfully submitted,

                                        **RUPP BAASE PFALZGRAF**
                                        **CUNNINGHAM LLC**


                                        By: /s/ *Marco Cercone*
                                        Marco Cercone, Esq.
                                        Arthur N. Bailey, Esq.
                                        1600 Liberty Building
                                        Buffalo, NY 14202
                                        (716) 854-3400
                                        cercone@ruppbaase.com
                                        bailey@ruppbaase.com

                                        *Attorneys for Plaintiffs*

18

### CERTIFICATE OF SERVICE

I hereby certify that on this the 28th day of July 2021, I caused the foregoing document to be filed with the Clerk of this Court via the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

Dated: July 28, 2021.

/s/ *Marco Cercone*
Marco Cercone, Esq.
Arthur N. Bailey, Esq.
1600 Liberty Building
Buffalo, NY 14202
(716) 854-3400
cercone@ruppbaase.com
bailey@ruppbaase.com