**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION**

ERIE COUNTY MEDICAL CENTER
CORPORATION, *et al.*,

            *Plaintiffs*,

    v.

TEVA PHARMACEUTICALS USA,
INC., *et al.*,

            *Defendants*.

Case No.: 1:21-cv-00826-WMS

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
TEMPORARY STAY OF PROCEEDINGS PENDING ANTICIPATED
TRANSFER TO MULTIDISTRICT LITIGATION**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................. 2

ARGUMENT...................................................................................................................... 3

I.     A BRIEF STAY IS NECESSARY TO PROMOTE JUDICIAL ECONOMY .................... 4

II.    DENYING A STAY WOULD CAUSE HARDSHIP TO DEFENDANTS ........................ 6

III.   A STAY WILL CAUSE MINIMAL, IF ANY, PREJUDICE TO PLAINTIFFS ................ 8

CONCLUSION.................................................................................................................. 10

**TABLE OF AUTHORITIES**

**Page**

C<span style="font-variant:small-caps">ASES</span>

*Bd. of Cty. Comm'rs of Seminole Cty. v. Purdue Pharma L.P.*,
   2019 WL 1474397 (E.D. Okla. Apr. 3, 2019) ...........................................................8

*Browne v. JUUL Labs, Inc.*,
   2021 WL 2682255 (N.D.N.Y. June 30, 2021)...........................................................4

*City of Amsterdam v. Purdue Pharma L.P.*,
   2019 WL 5102564 (N.D.N.Y. Oct. 11, 2019) ...................................................4, 6, 7

*City of Auburn v. Purdue Pharma L.P.*,
   No. 2:19-cv-03800, Order (E.D.N.Y. Sept. 6, 2019) ................................................6

*City of Fairfax v. Mallinckrodt PLC*,
   No. 1:20-cv-00218, Order (E.D. Va. Apr. 30, 2020) ...............................................5

*City of Ogdensburg v. Purdue Pharma L.P.*,
   No. 8:19-cv-00782, Order (N.D.N.Y. Sept. 10, 2019) ............................................6

*City of Orlando v. CVS Health Corp.*,
   No. 6:20-cv-000736, Order (M.D. Fla. June 15, 2020) ...........................................5

*City of Rochester v. Purdue Pharma L.P.*,
   No. 6:19-cv-06490, Order (W.D.N.Y. Sept. 23, 2019).........................................4, 6

*City of Saratoga Springs v. Purdue Pharma L.P.*
   No. 1:19-cv-00789, Order (N.D.N.Y. Sept. 10, 2019) ............................................6

*Cty. of Alameda v. Purdue Pharma L.P.*,
   No. 3:19-cv-02307, Order (N.D. Cal. June 10, 2019) ...........................................10

*Cty. of Genesee v. McKinsey & Co., Inc.*,
   2021 WL 2184943 (E.D.N.Y. May 28, 2021) .........................................................4

*Cty. of Jim Hogg v. Purdue Pharma L.P.*,
   No. 4:19-cv-02816, Order (S.D. Tex. Sept. 4, 2019)...........................................7, 9

*Cty. of Jim Wells v. Purdue Pharma L.P.*,
   No. 4:19-cv-03580, Order (S.D. Tex. Oct. 4, 2019)................................................7

*Dallas Cty. Hosp. Dist. v. Amneal Pharms., Inc.*,
2020 WL 429833 (S.D. Tex. Jan. 28, 2020) ........................................................................5, 7

*Estate of Hoholek v. AbbVie, Inc.*,
2014 WL 7205586 (N.D. Ind. Dec. 17, 2014) ..........................................................................9

*Fowler v. Hamilton Med. Ctr., Inc.*,
2008 WL 11336192 (N.D. Ga. May 7, 2008) ............................................................................9

*HMT, Inc. v. Bell BCI Co.*,
2007 WL 295328 (W.D.N.Y. Jan. 30, 2007) ............................................................................3

*Hood ex rel. Mississippi v. Bristol-Myers Squibb Co.*,
2013 WL 30098 (N.D. Miss. Jan. 2, 2013) ..............................................................................9

*In re Ivy*,
901 F.2d 7 (2d Cir. 1990) .....................................................................................................2, 4

*In re Nat'l Prescription Opiate Litig.*,
290 F. Supp. 3d 1375 (JPML 2017) ...................................................................................1, 7, 8

*In re Nat'l Prescription Opiate Litig.*,
No. 2804, ECF No. 9188 (JPML July 29, 2021) ..................................................................1, 3

*Krieger v. Merck & Co.*,
2005 WL 2921640 (W.D.N.Y. Nov. 4, 2005) ......................................................................2, 4

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) ...................................................................................................................3

*Limonium Mar., S.A. v. Mizushima Marinera, S.A.*,
1999 WL 1070070 (2d Cir. Nov. 18, 1999) ..............................................................................3

*Marion Hosp. Corp. v. Abbott Labs.*,
No. 1:20-cv-04111, Order (N.D. Ill. Aug. 25, 2020) ...............................................................5

*Matter of Merck & Co., Inc.*,
2006 WL 8455780 (W.D.N.Y. Mar. 1, 2006) ...........................................................................4

*McCracken v. Verisma Sys., Inc.*,
2020 WL 6280939 (W.D.N.Y. Oct. 27, 2020) .........................................................................6

*Mick v. GlaxoSmithKline, PLC*,
2008 WL 4147555 (W.D.N.Y. Sept. 2, 2008) ..........................................................................4

*North v. Merck & Co.*,
   2005 WL 2921638 (W.D.N.Y. Nov. 4, 2005) ...................................................... 3, 4

*Paintsville Hosp. Co., LLC v. Amneal Pharms., LLC*,
   2020 WL 7048275 (E.D. Ky. Dec. 1, 2020) ................................................... 5, 7, 10

*Royal Park Invs. SA/NV v. Bank of Am. Corp.*,
   941 F. Supp. 2d 367 (S.D.N.Y. 2013) .................................................................. 2, 4

*Takoma Regional Hospital, Inc. v. Purdue Pharma, L.P.*,
   No. 2:19-cv-157, Order (E.D. Tenn. Oct. 4, 2019) .......................................... 7, 10

*Vill. of Melrose Park v. McKesson Corp.*,
   No. 1:18-cv-05288, Order (N.D. Ill. Aug. 10, 2018) ............................................. 8

Defendants Walmart Inc. and Wal-Mart Stores East, LP (collectively, "Walmart") respectfully submit this Memorandum of Law in support of their motion requesting that this Court order a temporary stay of these proceedings until the Judicial Panel on Multidistrict Litigation ("JPML") renders a final decision on whether to transfer this case to the Opiate Multidistrict Litigation pending in the Northern District of Ohio, *In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-2804 (N.D. Ohio) ("Opiate MDL").

## INTRODUCTION

This action is one of more than 3,000 related lawsuits asserting claims against manufacturers, distributors, and/or pharmacies arising out of the sale, marketing, and/or distribution of prescription opioid medications. Plaintiffs Erie County Medical Center Corporation, et al. (together, "Plaintiffs") are medical centers and hospitals seeking damages for opioid-related costs they allegedly incurred in addressing the opioid epidemic.

On December 5, 2017, the JPML created the Opiate MDL for cases just like this one— cases in which plaintiffs allege that "distributors failed to monitor … and report suspicious orders of prescription opiates." *In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1378 (JPML 2017). Thousands of opioid lawsuits have been transferred to the Opiate MDL. And as new lawsuits are filed across the country, the JPML continues to transfer them. This case is factually and legally indistinguishable.

On July 29, 2021, the JPML entered a conditional transfer order ("CTO"), concluding this case appears to "involve questions of fact that are common to the actions previously transferred to the Northern District of Ohio and assigned to Judge Polster." JPML ECF No. 9188 at *1 (attached as **Exhibit 1**). Following its normal procedure, the JPML temporarily stayed that order to allow Plaintiffs the opportunity to file an opposition. *Id.* And as with the thousands of cases before this one, at one of its upcoming hearings, the JPML will ultimately order the case transferred to the

Opiate MDL.  There, the Honorable Dan A. Polster, the judge presiding over the Opiate MDL, will consider and resolve Plaintiffs' motion to remand along with the scores of motions by other plaintiffs presenting substantially similar issues.  More than 170 cases currently pending in the Opiate MDL raise the exact same jurisdictional questions as here.  *See* ECF No. 1-6.

Therefore, this Court should temporarily stay this case pending the JPML's decision finalizing its transfer order.  A brief stay is necessary to promote judicial economy and will cause minimal—if any—prejudice to Plaintiffs, and denying a stay will cause significant harm to Defendants.  In fact, deferring rulings on "motions to remand in order to permit the MDL court selected by the JPML to decide such motions" has become the standard practice in this Circuit. *Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 370 (S.D.N.Y. 2013) (collecting cases); *Krieger v. Merck & Co.*, 2005 WL 2921640, at \*1 (W.D.N.Y. Nov. 4, 2005) (noting the "Second Circuit Court of Appeals has adopted this general rule."); *see also In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990).  Plaintiffs have offered no reason to treat this case any differently.

## BACKGROUND

Plaintiffs filed this action on May 11, 2021, contending that Walmart and other Defendants are liable for the costs they incurred in providing medical care to opioid patients.  *See, e.g.*, ECF No. 1-2 (hereinafter "Compl.") ¶ 7.  Plaintiffs allege that Walmart and other Defendants breached their duties to "monitor, detect, investigate, refuse to fill, and report suspicious orders of prescription opioids," failed to "maintain effective controls against diversion of prescription opiates into other than legitimate medical, scientific, and industrial channels" and to "investigate, report, and take steps to halt orders that they knew or should have known were suspicious." *Id.* ¶¶ 769, 885, 911.

On July 19, 2021, Walmart timely removed this case from state court to this Court. *See* ECF No. 1.  Defendants promptly tagged it before the JPML for transfer to the Opiate MDL.

2

*See In re Nat'l Prescription Opiate Litig.*, No. 2804, ECF No. 9173 (JPML July 22, 2021).  This Court also sent a notice of a potential tag-along to the JPML on July 26, 2021.  On July 28, 2021 Plaintiffs filed a Motion to Remand.  *See* ECF No. 7-2 ("Remand Motion").[1]  And on July 29, 2021, the JPML issued CTO-201, conditionally transferring this case to the Opiate MDL.  *See* **Exhibit 1**.[2]

## ARGUMENT

This Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Accordingly, "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."  *Limonium Mar., S.A. v. Mizushima Marinera, S.A.*, 1999 WL 1070070, at *1 (2d Cir. Nov. 18, 1999) (citation and marks omitted).  In assessing whether to grant a stay, Courts of this district often consider:  (1) the interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  *HMT, Inc. v. Bell BCI Co.*, 2007 WL 295328, at *2 (W.D.N.Y. Jan. 30, 2007).

However, in cases involving competing motions to remand and motions before the JPML to transfer to an MDL proceeding, the "Second Circuit Court of Appeals has adopted th[e] general rule" that courts should "defer ruling on pending motions to remand in MDL litigation until after the [JPML] has transferred the case to the MDL panel."  *North v. Merck & Co.*, 2005 WL 2921638,

---

[1] Walmart will separately respond to Plaintiffs' Remand Motion on or before August 12, 2021 as ordered.  *See* ECF No. 8.

[2] All exhibits are attached to the August 4, 2021 Declaration of James W. Carlson.

at \*1, \*3 (W.D.N.Y. Nov. 4, 2005) (marks omitted); *see also Mick v. GlaxoSmithKline, PLC*, 2008 WL 4147555, at \*1, \*3–7 (W.D.N.Y. Sept. 2, 2008) (same); *Krieger*, 2005 WL 2921640, at \*1, \*3 (same); *Browne v. JUUL Labs, Inc.*, 2021 WL 2682255, at \*4 (N.D.N.Y. June 30, 2021) (same); *Cty. of Genesee v. McKinsey & Co., Inc.*, 2021 WL 2184943, at \*1–2 (E.D.N.Y. May 28, 2021) (noting that "the Second Circuit has clarified [that] … the argument for deferring resolution [of a remand motion] to the eventual transferee court is strong"); *Royal Park Invs. SA/NV*, 941 F. Supp. 2d at 370–74 ("[C]ourts in this Circuit have … deferred ruling on motions to remand in order to permit the MDL court selected by the JPML to decide such motions."). As the Second Circuit has explained, jurisdictional issues "involv[ing] common questions of law and fact" arising in recurring cases are "particularly well-suited" to be "resolved by a single court." *Ivy*, 901 F.2d at 9.

Therefore, Courts in this Circuit look to see if "the jurisdictional issue in question is easily capable of arising in more than one court" and if so, grant a stay because "consistency as well as economy [are] served by transferring and consolidating cases as to which remand motions are pending." *Matter of Merck & Co., Inc.*, 2006 WL 8455780, at \*2 (W.D.N.Y. Mar. 1, 2006); *City of Amsterdam v. Purdue Pharma L.P.*, 2019 WL 5102564, at \*3 (N.D.N.Y. Oct. 11, 2019) (staying an opioid case because "both judicial economy and consistency are served by allowing a single court – the Opiate MDL court – to address the jurisdictional issues" (marks omitted)).

## I. A BRIEF STAY IS NECESSARY TO PROMOTE JUDICIAL ECONOMY.

A stay under these circumstances would promote judicial economy because it would conserve the parties' and Court's resources, as well as avoid duplicative litigation. *See, e.g.*, *City of Rochester v. Purdue Pharma L.P.*, No. 6:19-cv-06490, Order (W.D.N.Y. Sept. 23, 2019) (granting stay to "promote[] judicial economy and consistency and reduce[] the net hardship experienced by both parties") (attached as **Exhibit 2**). More than 170 cases raising the same jurisdictional issues have been transferred to the Opiate MDL. *See* ECF No. 1-6. If the JPML

transfers this case to the Opiate MDL, the transferee judge can rule on all of those pending motions that present the same or similar issues. As one district court observed when it stayed a very similar hospital case (now transferred to the Opiate MDL):

> [T]he sheer number of related cases, many of which also involve the same jurisdictional issues, weighs in favor of a stay in the interests of judicial economy. … The similarity between this case and others is underscored by the JPML's recognition of the existence of common questions of fact.

*Paintsville Hosp. Co., LLC v. Amneal Pharms., LLC*, 2020 WL 7048275, at *3–4 (E.D. Ky. Dec. 1, 2020).

Consistent with this logic, scores of courts across the country have concluded that a stay is appropriate in opioid cases. *See, e.g.*, *Marion Hosp. Corp. v. Abbott Labs.*, No. 1:20-cv-04111, Order at *3 (N.D. Ill. Aug. 25, 2020) ("Granting a stay will promote judicial economy by potentially avoiding duplicative litigation and preventing inconsistent rulings surrounding remand.") (attached as **Exhibit 3**); *City of Orlando v. CVS Health Corp.*, No. 6:20-cv-000736, Order at *4 (M.D. Fla. June 15, 2020) ("Ruling on the Remand Motion now when the JPML may transfer the case to the Opiate MDL would risk inconsistent rulings and waste judicial resources.") (attached as **Exhibit 4**); *City of Fairfax v. Mallinckrodt PLC*, No. 1:20-cv-00218, Order at *4 (E.D. Va. Apr. 30, 2020) (granting motion for stay in part because "[j]udicial review of threshold [jurisdictional] issues is a prime opportunity for judicial economy and efficiency in a centralized MDL") (attached as **Exhibit 5**); *Dallas Cty. Hosp. Dist. v. Amneal Pharms., Inc.*, 2020 WL 429833, at *3 (S.D. Tex. Jan. 28, 2020) ("If the JPML transfers this case to the Opiate MDL, Plaintiffs will have the opportunity to present their motion to remand to Judge Polster, where it may be addressed along with other pending motions to remand using a unified framework."); *see also* Manual for Complex Litigation (Fourth) § 22.35 (2004) ("A stay pending the Panel's decision can increase efficiency and consistency, particularly when the transferor court believes that a

transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well."); ECF No. 1-6 (identifying more than 170 cases removed on federal question grounds and transferred to the Opiate MDL with a remand motion pending, at least 80 of which were explicitly stayed).  This includes courts in the Second Circuit.[3]

Further, "[b]y conserving judicial resources, a stay will serve not only the interest of the courts, but also the interests of the Parties, the nonparties, and the public in an orderly and efficient use of judicial resources." *McCracken v. Verisma Sys., Inc.*, 2020 WL 6280939, at *9 (W.D.N.Y. Oct. 27, 2020) (marks omitted and alterations in original).  Indeed, in another New York opioid case that awaited a JPML transfer decision, the court concluded that "staying this action is in the best interest of the courts, non-parties, and the public because it promotes the efficient use of judicial resources and 'minimiz[es] the possibility of conflicts between different courts.'" *City of Amsterdam*, 2019 WL 5102564, at *3 (alteration in original).

Given that the JPML and the Opiate MDL have seen and already have pending scores of similar cases with the same jurisdictional questions, issuing a stay until the JPML decides whether to finalize the transfer of this action to the Opiate MDL is the most efficient approach.

## II.  DENYING A STAY WOULD CAUSE HARDSHIP TO DEFENDANTS.

Denying a stay would prejudice Defendants by risking inconsistent adjudication of the issues this case shares with others in the Opiate MDL and requiring them to needlessly litigate the same issues in multiple forums simultaneously.  *See, e.g.*, *City of Amsterdam*, 2019 WL 5102564,

---

[3] *See, e.g.*, *City of Rochester*, Order (attached as **Exhibit 2**); *City of Amsterdam*, 2019 WL 5102564, at *3–4; *City of Ogdensburg v. Purdue Pharma L.P.*, No. 8:19-cv-00782, Order (N.D.N.Y. Sept. 10, 2019) (attached as **Exhibit 9**); *City of Saratoga Springs v. Purdue Pharma L.P.*, No. 1:19-cv-00789, Order (N.D.N.Y. Sept. 10, 2019) (attached as **Exhibit 10**); *City of Auburn v. Purdue Pharma L.P.*, No. 2:19-cv-03800, Order (E.D.N.Y. Sept. 6, 2019) (attached as **Exhibit 11**).

at *3 (concluding that stay was necessary to protect defendants from engaging in duplicative litigation and reduce the possibility of inconsistent decisions).

Multiple courts have decided exactly that in virtually identical hospital cases across the country.  For example, in *Paintsville Hosp. Co., LLC*, 2020 WL 7048275, the defendants filed a motion to stay, and the hospital plaintiff moved to remand.  *See id.* at *1.  The Eastern District of Kentucky granted a stay.  *See id.* at *5.  In so doing, Judge Gregory Van Tatenhove observed: "fairness[] and consistency … weigh[ed] most heavily in favor of granting a stay in this case. Given the fact that thousands of similar cases have been transferred already, and the likelihood of many more cases being in a similar procedural posture, the interests of judicial economy and the threat of inconsistent rulings outweighs any potential prejudice to the Plaintiffs in this case." *Id.* at *4.  In *Dallas Cty. Hosp. Dist.*, 2020 WL 429833, the court determined that "the balance of factors weighs in favor of granting a stay" to protect defendants from "duplicative litigation and … inconsistent rulings."[4] *Id.* at *3.  And in *Takoma Regional Hospital, Inc. v. Purdue Pharma, L.P.*, No. 2:19-cv-157, Order (E.D. Tenn. Oct. 4, 2019) (attached as **Exhibit 6**), the court determined that the case was just "like so many others around the nation," and granted a stay to allow Judge Polster to "issue a uniform ruling on the matter, minimizing the risk of inconsistency." *Id.* at *1, *3–4.

This is precisely the goal of the Opiate MDL—to consolidate these actions in a single court to "substantially reduce the risk of duplicative discovery, minimize the possibility of inconsistent pretrial obligations, and prevent conflicting rulings on pretrial motions." *In re Nat'l Prescription*

---

[4] *See also Cty. of Jim Hogg v. Purdue Pharma L.P.*, No. 4:19-cv-02816, Order at *3 (S.D. Tex. Sept. 4, 2019) ("The hardship to [the defendant] if a stay is not granted is the exposure to inconsistent results in similar cases, requiring it to engage in duplicative litigation.") (attached as **Exhibit 12**); *Cty. of Jim Wells v. Purdue Pharma L.P.*, No. 4:19-cv-03580, Order at *3 (S.D. Tex. Oct. 4, 2019) (attached as **Exhibit 13**) (same).

*Opiate Litig.*, 290 F. Supp. 3d at 1379; *see also Vill. of Melrose Park v. McKesson Corp.*, No. 1:18-cv-05288, Order (N.D. Ill. Aug. 10, 2018) ("[T]he JPML has determined that centralization of opioid litigation is proper due to common questions of fact and that transfer should not be delayed pending rulings on remand motions.") (attached as **Exhibit 7**).  Permitting this case to proceed on a separate track would frustrate the JPML's creation of the Opiate MDL and prejudice Defendants.

Plaintiffs argue that federal courts have "unanimously and repeatedly rejected" federal question jurisdiction in opioid cases.  Remand Mot. at 2–4 (emphasis omitted).  That is incorrect.  The overwhelming majority of judges facing the same question as here have granted stays pending transfer to the Opiate MDL or otherwise allowed cases to transfer.  *See* ECF No. 1-6 (identifying more than 170 cases that transferred with remand motions pending).  Indeed, Plaintiffs' contrary citations merely drive home the need for the uniformity that the Opiate MDL—and only the Opiate MDL—provides.

In short, the great weight of authority favors staying opioid cases pending their transfer to the Opiate MDL.  And because of those decisions by scores of other judges, a ruling by this Court on a remand motion raises significant risks of inconsistency.  This Court should issue a stay to ensure consistent rulings on these jurisdictional issues.  *See Bd. of Cty. Comm'rs of Seminole Cty. v. Purdue Pharma L.P.*, 2019 WL 1474397, at *2 (E.D. Okla. Apr. 3, 2019) ("If all proceedings are not stayed at this time, defendants will suffer a hardship to the extent that they are subjected to a risk of inconsistent rulings on the same jurisdictional questions that are raised in plaintiff's remand motion and in many cases already before the MDL court.").

### III. A STAY WILL CAUSE MINIMAL, IF ANY, PREJUDICE TO PLAINTIFFS.

Although Defendants would be harmed by the risk of inconsistent rulings and dual-tracked

litigation if a stay is denied, Plaintiffs cannot identify any substantive prejudice they would suffer as the result of a stay. If the JPML transfers this case to the Opiate MDL, that court will decide Plaintiffs' Remand Motion. This will guarantee consistent results with respect to both Plaintiffs and other similarly situated plaintiffs. And if the JPML decides against transferring this case to the Opiate MDL, this Court may hear Plaintiffs' Remand Motion at that time.

Any stay pending a transfer decision would be short-lived. If Plaintiffs oppose transfer, the JPML will make a final transfer decision at one of its upcoming hearings, likely on September 30, 2021.[5] *See, e.g.*, *Estate of Hoholek v. AbbVie, Inc.*, 2014 WL 7205586, at *3 (N.D. Ind. Dec. 17, 2014) (concluding any delay to proceedings would be "slight" given that "a decision on whether this case will also be transferred is expected shortly"); *Hood ex rel. Mississippi v. Bristol-Myers Squibb Co.*, 2013 WL 30098, at *2 (N.D. Miss. Jan. 2, 2013) (granting motion to stay, reasoning that there would be no prejudice from a stay of "approximately three months," the time in which the JPML was expected to issue a final transfer decision); *Fowler v. Hamilton Med. Ctr., Inc.*, 2008 WL 11336192, at *2 (N.D. Ga. May 7, 2008) (holding that parties opposing stay pending transfer to MDL would suffer "little, if any, prejudice from such a short stay" of "two to three months").[6]

Perhaps recognizing any stay before this Court would not be prejudicial, Plaintiffs instead complain that Judge Polster may not rule on their Remand Motion as quickly as they would like. Remand Mot. at 2–3. But numerous courts have already rejected that concern as irrelevant and more appropriately addressed to the JPML or Judge Polster in the Opiate MDL. *See, e.g.*,

---

[5] *See* https://www.jpml.uscourts.gov/hearing-information (identifying next hearing as September 30, 2021).

[6] *See also, e.g.*, *Cty. of Jim Hogg*, Order at *3 ("The potential prejudice to the County if a stay is granted is from delay. That potential for prejudice is reduced by the relatively expeditious pace of the JPML's decisions on transfer.") (attached as **Exhibit 12**).

*Paintsville Hosp. Co., LLC*, 2020 WL 7048275, at *4 ("To acknowledge such an argument as persuasive would call into question the usefulness of any MDL proceeding."); *Takoma Reg'l Hosp., Inc.*, Order at *3–4 (explaining "months of delay in a case that would … probably take years to resolve is [not] likely to yield serious prejudice," but rather, is "simply the price of uniformity, which has long been—and for good reason—a central goal of the federal judiciary") (attached as **Exhibit 6**); *Cty. of Alameda v. Purdue Pharma L.P.*, No. 3:19-cv-02307, Order at *4 n.3 (N.D. Cal. June 10, 2019) ("[T]his Court is not the appropriate forum for second-guessing Judge Polster's case management.") (attached as **Exhibit 8**).

At bottom, it makes little sense for this Court to undertake resolution of the complex removal issues presented in this case before the JPML has had a chance to render a final transfer decision, especially since the same issues are already before Judge Polster in more than 170 cases. *See* ECF No. 1-6.  A stay in this case will ensure consistent adjudication of these jurisdictional issues.

## CONCLUSION

For the foregoing reasons, Walmart respectfully requests that this Court temporarily stay all proceedings in this case pending the JPML's final ruling on whether this case will be transferred to the Opiate MDL.

DATED:  August 4, 2021

Respectfully submitted,

*/s/ James W. Carlson*
James W. Carlson
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
Telephone: (412) 391-3939
Facsimile: (412) 394-7959
Email: jamescarlson@jonesday.com

Christopher Lovrien*
Erin Burke*

JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539
Email: cjlovrien@jonesday.com
Email: eburke@jonesday.com

*denotes national counsel who will seek pro
hac vice admission*

*Attorneys for Walmart Inc. and Wal-Mart
Stores East, LP*