UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION
_____

ERIE COUNTY MEDICAL CENTER
CORPORATION, *et al.*,

                              Plaintiffs,

            vs.                                      Docket No.:  1:21-cv-00826-WMS

TEVA PHARMACEUTICALS, USA,
*Et al.*,

                              Defendants.
_____

**PLAINTIFFS' REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR EMERGENCY MOTION TO REMAND**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.   Argument ........................................................................................................................ 1

    A.   Defendants' Federal Question Argument is *Still* Baseless ................................ 1

    B.   Ruling on Plaintiffs' Remand Motion Should be Prioritized ............................... 6

II.  CONCLUSION ............................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**

*A.M.H. v. Purdue Pharma L.P.*,
  No. 1:18-cv-01018 (W.D.N.Y. 2018) .................................................................................. 5

*Broder v. Cablevision Systems Corp.*,
  418 F.3d 187 (2d Cir.2005) .................................................................................................. 5

*Cave v. E. Meadow Union Free Sch. Dist.*,
  514 F.3d 240 (2d Cir. 2008) ................................................................................................. 6

*Christianson v. Colt Indus. Operating Corp.*,
  486 U.S. 800 (1988) ......................................................................................................... 2, 5

*City of Geneva v. Purdue Pharma, L.P.*,
  No. 6:19-cv-06186 (W.D.N.Y 2019) .................................................................................... 5

*City of Lackawanna v. Purdue Pharma, L.P.*,
  No. 1:19-cv-0485 (W.D.N.Y. 2019) ..................................................................................... 5

*City of Ogdensburg v. Purdue Pharma L.P.*,
  No. 8:19-cv-00782 (N.D.N.Y. 2019) .................................................................................... 4

*City of Rochester v. Purdue Pharma L.P.*,
  No. 6:19-cv-06490 (W.D.N.Y. 2019) ................................................................................... 5

*City of Saratoga Springs v. Purdue Pharma L.P.*,
  No. 1:19-cv-00789 (N.D.N.Y. 2019) .................................................................................... 4

*City of Worcester v. Purdue Pharma L.P.*,
  No. 18-11958-TSH, Dkt. No. 36 (D. Mass. Nov. 21, 2018) ............................................... 10

*Cnty. of Kern v. Purdue Pharma L.P.*,
  No. 1:19cv-00557-LJO-JLT, 2019 WL 3310668 (E.D. Cal. July 23, 2019) ........................ 9

*DCH Health Care Auth. v. Purdue Pharma L.P.*,
  No. 9-0756-WS-C, 2019 WL 6493932 (S.D. Ala. Dec. 13, 2019) ....................................... 9

*Dinwiddie Cnty. v. Purdue Pharma, L.P.*,
  No. 3:19-cv-00242, 2019 WL 2518130 (E.D. Va. June 18, 2019) ....................................... 9

*Empire HealthChoice Assurance, Inc. v. McVeigh ex rel. Estate of McVeigh*,
  402 F.3d 107 (2d Cir. 2005) ................................................................................................. 2

*Fayetteville Ark. Hosp. Co., LLC v. Amneal Pharm., LLC*,
  No. 5:20-cv-5036, 2020 WL 2521515 (W.D. Ark. May 18, 2020) ...................................... 9

*Fla. Health Scis. Ctr., Inc. v. Sackler*,
   No. 19-62992-CIV-MARTINEZ, Dkt. No. 64 (S.D. Fla. Jan. 24, 2020) .................................. 9

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,
   545 U.S. 308 (2005) ................................................................................................................ 6

*Gunn v. Minton*,
   568 U.S. 251 (2013) ................................................................................................................ 6

*Herrick Co., Inc. v. SCS Commc'ns, Inc.*,
   251 F.3d 315 (2nd Cir. 2001) .................................................................................................. 7

*Ill. Pub. Risk Fund v. Purdue Pharma L.P.*,
   No. 19 C 3210, 2019 WL 3080929 (N.D. Ill. July 15, 2019) ............................................. 8, 9

*In re Four Seasons Sec. Laws Litig.*,
   362 F. Supp. 574 (J.P.M.L. 1973) ........................................................................................... 7

*In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*,
   488 F.3d 112 (2d Cir. 2007) .................................................................................................... 6

*In re Nat'l Prescription Opiate Litig.*,
   No. 1:17-md-02804, Dkt. No. 161 (N.D. Ohio Mar. 1, 2018) ................................................ 4

*In Re: Nat'l Prescription Opiate Litig.*,
   No. 1:17-md-02804, Dkt. No. 1987 (N.D. Ohio July 24, 2019) ..................................... 2, 3, 7

*In Re: Nat'l Prescription Opiate Litig.*,
   No. 1:17-md-02804, Dkt. No. 899 (N.D. Ohio Aug. 23, 2018) .............................................. 2

*In re: Nat'l Prescription Opiate Litig.*,
   No. 17-md-2804, Dkt. No. 130 (N.D. Ohio Feb. 16, 2018) .................................................... 8

*Lester E. Cox Med. Ctr. v. Amneal Pharm., LLC*,
   No. 6:20-cv-03152, 2020 WL 3171452 (W.D. Mo. June 15, 2020) ....................................... 8

*Lyndonville Sav. Bank & Trust Co. v. Lussier*,
   211 F.3d 697 (2d Cir. 2000) .................................................................................................... 6

*Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan*,
   111 U.S. 379 (1884) ................................................................................................................ 6

*Mecklenburg Cnty. v. Purdue Pharma, L.P.*,
   No. 3:19-cv-463, 2019 WL 3207795 (E.D. Va. July 16, 2019) .............................................. 9

*Merrell Dow Pharm., Inc. v. Thompson*,
   478 U.S. 804 (1986) ............................................................................................................. 1, 2

*Meyers v. Bayer AG*,
   143 F. Supp. 2d 1044 (E.D. Wis. 2001) ........................................................................................ 7

*Miss. Baptist Med. Ctr., Inc. v. Amneal Pharm., LLC*,
   No. 3:20-cv-00433-DPJFKB, Dkt. No. 94 (S.D. Miss. Sept. 28, 2020) ....................................... 8

*Pearl Beta Funding, LLC v. Biodata Med. Labs., Inc.*,
   No. 16-CV-1033S, 2019 WL 3940244 (W.D.N.Y. Aug. 21, 2019) ............................................ 6

*Seneca Nation of Indians v. AmerisourceBergen Drug Corp.*,
   No. 1:18-cv-00620 (W.D.N.Y. 2018) ........................................................................................... 5

*Syngenta Crop Prot., Inc. v. Henson*,
   537 U.S. 28 (2002) ........................................................................................................................ 6

*Tucson Med. Ctr. v. Purdue Pharma LP*,
   No. CV-21-00568-PHX-SPL, 2018 WL 6629659 (D. Ariz. Dec. 19, 2018) ............................... 9

**Other Authorities**

Manual for Complex Litigation, 4th ed., § 20.131 .......................................................................... 7

**Rules**

J.P.M.L. R. P. 1.5 ................................................................................................................................ 7

J.P.M.L. R. P. 2.1(d) ...................................................................................................................... 6, 7

Plaintiffs Erie County Medical Center Corporation; Catholic Health System, Inc.; Sisters of Charity Hospital of Buffalo, New York; Mercy Hospital of Buffalo; Kenmore Mercy Hospital; Mount St. Mary's Hospital of Niagara Falls; Ellis Hospital Foundation, Inc.; Kaleida Health; Olean General Hospital; Niagara Falls Memorial Medical Center; and St. Luke's Cornwall Hospital (collectively, "Plaintiffs"), by and through undersigned counsel, hereby submit this reply memorandum in support of *Notice of Motion and Memorandum in Support of Plaintiffs' Emergency Motion to Remand* (referred to hereinafter as the "Remand Motion"), 1:21-cv-00826-WMS, Dkt. No. 7 (W.D.N.Y. July 28, 2021). For the reasons stated below, and in the Remand Motion, the motion should be granted.

**I.     Argument**

Defendants Walmart Inc. and Wal-Mart Stores East, LP's (collectively "Walmart") removal of Plaintiffs' action was baseless. Walmart's *Memorandum of Law in Opposition to Plaintiffs' Emergency Motion to Remand* (Dkt. No. 29, "Walmart Opposition") continues to show the weakness in Defendants' arguments on the core issue of the Remand Motion: whether federal question jurisdiction exists in this action. It does not.  As the Complaint and the Remand Motion demonstrate, this action raises exclusively state law claims and no claim asserted by Plaintiffs arises under any federal statutes. Thus, the case belongs in state court.

**A.     Defendants' Federal Question Argument is *Still* Baseless**

As stated in the Remand Motion, the "federal question" issue is not novel and is not in dispute. The issue is simple for two reasons. The Supreme Court has made clear that "[t]he mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction," and such jurisdiction will only lie in a very "narrow" category of cases which "necessarily rest" on a "substantial federal question." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Second, even if a claim may be supported by a federal law theory which

establishes federal jurisdiction (which this case does not) but *also* an alternative theory which would *not* require resolution of "substantial federal questions," federal jurisdiction *does not exist*. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810 (1988) (finding that if a claim is supported not only by a theory establishing federal subject matter jurisdiction but *also* by an alternative theory which would *not* establish such jurisdiction, then federal subject matter jurisdiction *does not exist*). See also *Empire HealthChoice Assurance, Inc. v. McVeigh ex rel. Estate of McVeigh*, 402 F.3d 107, 109-110 (2d Cir. 2005) (finding no federal jurisdiction existed even though "[a] monetary recovery by [a party] might benefit the United States," and resolution of the dispute may require interpretation of "federal statutes").

Notably, even the MDL Court, where Defendants propose adjudication of this question, has rejected the federal question jurisdiction argument, and did so swiftly in an economical two pages of analysis contained in a six-page order. *In Re: Nat'l Prescription Opiate Litig.*, No. 1:17-md-02804, Dkt. No. 899, at 5-6 (N.D. Ohio Aug. 23, 2018) (quoting *Merrell Dow Pharm.*, 478 U.S. at 814) (remanding action brought by the State of Montana to a state court in Montana, and finding that "the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction."). The MDL court made the same finding in a later decision. *In Re: Nat'l Prescription Opiate Litig*., No. 1:17-md-02804, Dkt. No. 1987, at 3 (N.D. Ohio July 24, 2019) (remanding actions brought by Jefferson County and Franklin County to a state court in Missouri, finding that "*[t]here are no federal causes of action, and the claim of federal jurisdiction by the removing Defendant is very tenuous*") (emphasis added).[1]

---

[1] Walmart contends that this ruling does not support a finding of lack of federal question jurisdiction here. *See* Opposition at 13. This is clearly wrong. Walmart emphasizes the circumstances under which the MDL court made its decision, but the circumstances are irrelevant

2

Walmart's goal is not to convince this Court that it was right on the jurisdictional issue – its objective is to convince the Court that there was something mysterious and complicated that requires more than a few steps of analysis, so that this Court kicks the case down the road. But there is nothing here to kick down the road. As shown in the Remand Motion, courts have *unanimously* and *repeatedly* rejected the efforts by pharmaceutical manufacturers, distributors, and national retail pharmacies to characterize state law claims related to the opioid crisis as presenting a "federal question," and have remanded such actions back to state court. *See Mem. in Support of Pltfs.' Emergency Mot. to Remand*, Dkt. 7-2, at 2-3, 9-13 ("Plaintiffs Remand Mem."). Walmart offers the court opinions where federal jurisdiction was found based on interpretation and application of federal law,[2] but completely fails to rebut the overwhelming number of opioid-related cases that have rejected their position on the same jurisdictional issue. Walmart's omission of any meaningful discussion of the opioid cases which do address federal question jurisdiction underscores the weakness of its argument.

As stated in the Remand Motion, "[g]iven Defendants' knowledge of adverse decisions by numerous federal courts rejecting their 'federal question' arguments in removal proceedings, the only possible reason for Walmart to remove this case was to delay the resolution of Plaintiffs' claims by orchestrating the transfer of the case into the MDL." Plaintiffs' Remand Mem., at 2-3.

---

to the fact that the MDL court ruled on the issue of federal question jurisdiction against defendants, and the MDL court rejected similar arguments raised by Defendants here. *See In Re: Nat'l Prescription Opiate Litig.*, Dkt. No. 1987, at 3.

[2] *See* Walmart Opposition, at 18-19 (citing a case that discussed the application and interpretation of the Securities Exchange Act, a case where the plaintiffs explicitly requested judgement on defendants' violation of federal law, and a case where all of the plaintiff's claims were exclusively based on alleged violations of Cable Communications Policy Act). None of these cases are relevant or analogous to this action. Plaintiffs' complaint does not contain a federal claim. Nor do Plaintiffs here seek relief under any federal law. Nor does any federal law form exclusive basis for any of Plaintiffs' claims. Unlike the cases cited by Walmart, Plaintiffs' Complaint implicates numerous statutory and common law duties arising under state law. *See* Plaintiffs' Remand Mem., at 13-15.

The most that Defendants can show is that *some* courts have elected to defer consideration of the issue. But no court anywhere has bought the argument that there is federal subject matter jurisdiction over Plaintiffs' state law claims. Walmart's citations to a number of cases that were either transferred by the JPML or have been stayed by district courts pending transfer by the JPML adds nothing to the argument on federal question jurisdiction. *See* Walmart Opposition at 4-5. Indeed, these cases were also cited in support of Walmart's Motion to Stay,[3] and are irrelevant to establishing whether any substantial federal question was raised in this action.[4] It is thus unnecessary for Plaintiffs to take Walmart's invitation to further opine on the irrelevant minutiae of federal law and regulations extensively. *See* Walmart Opposition 10-12, 14-19. *See also* Plaintiffs' Remand Mem., at 6-17.[5]

---

[3] *See Mem. of Law in Supp. of Mot. for Temporary Stay of Proceedings Pending Anticipated Transfer to Multidistrict Litig.*, Dkt. No. 24 at 4-5.

[4] For those courts that have deferred to the MDL Court, some expressed an expectation that the MDL Court would decide the issue. *See, e.g.*, *City of Ogdensburg v. Purdue Pharma L.P.*, No. 8:19-cv-00782 (N.D.N.Y. 2019) (in a text order, the court assumed that once transferred, "the pending remand motion can be presented to and decided by the transferee judge," but the remand motion has been pending in the MDL court for almost two years); *City of Saratoga Springs v. Purdue Pharma L.P.*, No. 1:19-cv-00789 (N.D.N.Y. 2019) (same magistrate judge entering the same text order on the docket, and the MDL court has not taken any action in that case ever since its 2019 transfer). Whether those district courts which have deferred to the MDL Court would have done so had they known that the remand motions would sit in abeyance indefinitely is undetermined. But consigning a threshold federal jurisdiction question to an unknown detainment is not a principled outcome for a court or the parties seeking to vindicate their claims.

[5] It is unclear what purpose the two exhibits attached to Walmart's Opposition serve to the instance motion. One exhibit is an expert report used by some other parties in their trial proceedings. *See* Exhibit 1 attached to the Walmart Opposition. The other is a statement of interest filed by the United States in the MDL. *See* Exhibit 2 attached to the Walmart Opposition. Plaintiffs have not relied on the expert report for any of its claims (and Mr. Rafalski is not Plaintiffs' expert), thus, that report does not demonstrate any federal question necessarily raised in this action. The statement of interested party filed by the United States simply "asks that the Court afford it a period of thirty days to evaluate whether to participate in [the MDL] proceedings at this stage." *In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-02804, Dkt. No. 161 at 2 (N.D. Ohio Mar. 1, 2018). It does not demonstrate any substantial federal issue raised in this action. The United States has not filed any motion in this action.

Further, Walmart's citations to decisions made by courts in this district regarding removals, stays, and transfers to the MDL Court are somewhat misleading. As mentioned in Plaintiffs' Remand Memorandum, *City of Geneva v. Purdue Pharma, L.P.*, No. 6:19-cv-06186 (W.D.N.Y 2019); *City of Lackawanna v. Purdue Pharma, L.P.*, No. 1:19-cv-0485 (W.D.N.Y. 2019); *Seneca Nation of Indians v. AmerisourceBergen Drug Corp.*, No. 1:18-cv-00620 (W.D.N.Y. 2018) are irrelevant because the plaintiffs in those cases filed their complaints in this federal district court. *City of Rochester v. Purdue Pharma L.P.*, No. 6:19-cv-06490 (W.D.N.Y. 2019) and *A.M.H. v. Purdue Pharma L.P.*, No. 1:18-cv-01018 (W.D.N.Y. 2018) cannot support any of Walmart's arguments on federal jurisdiction, because there was no ruling on the jurisdictional issue in either case. *See also* Plaintiffs' Remand Mem., at 2 n. 2. And, none of these authorities contradicts Plaintiffs' position that "when a claim may be supported by a federal law theory but also an alternative theory which would not require resolution of [']substantial federal questions,['] federal jurisdiction does not exist." Plaintiffs' Remand Mem., at 15 (citing *Christianson*, 486 U.S. at 810). Walmart's argument was that the federal CSA may be a source that imposes legal duties upon Defendants. But "[w]here a federal issue is present as only one of multiple theories that could support a particular claim, ... [it] is insufficient to create federal jurisdiction." *Broder v. Cablevision Systems Corp.*, 418 F.3d 187, 194 (2d Cir.2005) (citation omitted). *See also* Plaintiffs' Remand Mem., at 12-13, 16.

Whether a duty is explicitly imposed or implied under the relevant New York statutes raises an issue under New York state law, not federal law. Walmart's argument as to whether New York statutes impose a duty upon them to "stop or suspend shipments of suspicious orders" confirms that the Complaint raises solely state law issues. Walmart Opposition at 11. Regardless, when ambiguities arise in determining whether federal jurisdiction is established, "all doubts [are]

5

resolved against removal." *Pearl Beta Funding, LLC v. Biodata Med. Labs., Inc.*, No. 16-CV-1033S, 2019 WL 3940244, at *1 (W.D.N.Y. Aug. 21, 2019) (Skretny, J.) (citing *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007)).

In sum, the Complaint asserts solely New York state law claims, and Defendants fail to show a federal issue was: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). *See also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005). There is no federal question jurisdiction here.

### B.     Ruling on Plaintiffs' Remand Motion Should be Prioritized

A federal district court has an affirmative obligation to evaluate its jurisdiction. *See, e.g.*, *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) (finding the "existence of an [']inflexible['] rule that [']without exception['] requires federal courts, on their own motion, to determine if jurisdiction is lacking") (quoting *Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)); *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000) ("[S]ubject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*."). As fully explained in Plaintiffs' Remand Motion, there exists no federal question jurisdiction. Nor is there any other plausible basis that would support a finding of federal jurisdiction. Accordingly, this case does not belong in federal court and the Remand Motion should be granted expeditiously.

This Court's ruling on the Remand Motion is in *no way* affected by the pendency of a motion for transfer to the MDL. Rule 2.1(d) of the Rules of the Judicial Panel on Multidistrict Litigation states: "The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to

28 U.S.C. § 1407 does not affect or suspend order and pretrial proceedings in the district court in which the action is pending and *does not in any way limit* the pretrial jurisdiction of that court. " *Id.* (emphasis added) Accordingly, "[d]uring the pendency of a motion (or show cause order) for transfer, … the court in which the action was filed retains jurisdiction over the case." *See* Manual for Complex Litigation, 4th ed., § 20.131 at 220 (citing J.P.M.L. R. P. 1.5; *In re Four Seasons Sec. Laws Litig.*, 362 F. Supp. 574 (J.P.M.L. 1973).

Here, the Court's "first step should be to make a preliminary assessment of the jurisdictional issue," *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1048 (E.D. Wis. 2001), because the Court "must consider arguments attacking federal jurisdiction whenever they arise." *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2nd Cir. 2001).[6] And, "[i]f this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court." *Meyers*, 143 F. Supp. 2d at 1049.

Walmart's contention that litigating in multiple forums will cause hardship is without merit. Defendants are large companies that do business in various states and are already litigating opioids cases in state court forums. To the extent possible, state and federal litigation are being coordinated so that duplicative discovery is avoided. *See In Re: Nat'l Prescription Opiate Litigation*, Dkt. No. 1987 ("Procedures have been put in place so that lawyers in state and federal cases can share documents and depositions. The objective is to minimize duplication and to

---

[6] Walmart argues that this case and other Second Circuit's opinions cited by Plaintiffs in their Remand Motion do not apply here because they do not concern "an MDL proceeding." *See* Walmart Opposition at 6. But no statement in these opinions can possibly be read to indicate that the Second Circuit intended to limit its rulings to cases that do not involve MDL proceedings. Walmart's argument is thus without merit. The general rule that is stated in these rulings, that a federal district court has an affirmative obligation to evaluate its jurisdiction and must consider arguments attacking federal jurisdiction whenever they arise, applies with equal force to MDL proceedings and non-MDL proceedings.

promote efficiency."). The Walmart Opposition sends the clear message that Defendants wish not to resolve the jurisdictional dispute in the removal proceedings, which they initiated, but to delay any movement in this action. Permitting Plaintiffs' case to be swept into the MDL is likely to result in extensive further delays given that the MDL Court has placed a moratorium on all motions to remand.[7] In fact, while Walmart cites a number of cases transferred by the JPML from New York federal courts to the MDL[8] beginning in December 2017, Walmart fails to mention that the MDL has given no attention to any substantive issues in those cases since their transfer, which, in most instances, was over three years ago. Walmart has not removed this action because there is a basis for being in federal court. Walmart has done so because it hopes to force Plaintiffs' case to disappear into the MDL.

With that in mind, Plaintiffs respectfully request that the Court expeditiously join other district courts nationwide that denounce delay:

> The Court is reticent to reward what may be a deliberate strategy of filing unmeritorious notices of removal in order to delay—or altogether avoid—litigating these cases. The Court will therefore decide the motion to remand.

*Ill. Pub. Risk Fund v. Purdue Pharma L.P.*, No. 19 C 3210, 2019 WL 3080929, at *1 (N.D. Ill. July 15, 2019) (granting plaintiff's motion to remand). *See also Miss. Baptist Med. Ctr., Inc. v. Amneal Pharm., LLC*, No. 3:20-cv-00433-DPJFKB, Dkt. No. 94 at 26 (S.D. Miss. Sept. 28, 2020) (denying a motion to stay, granting the hospital plaintiffs' motion to remand, finding no federal question jurisdiction existed); *Lester E. Cox Med. Ctr. v. Amneal Pharm., LLC*, No. 6:20-cv-03152, 2020 WL 3171452 (W.D. Mo. June 15, 2020) (granting plaintiffs' motion to remand, finding no federal jurisdiction); *Fayetteville Ark. Hosp. Co., LLC v. Amneal Pharm., LLC*, No.

---

[7] *See Order Regarding Remands*, *In re: Nat'l Prescription Opiate Litig.*, No. 17-md-2804, Dkt. No. 130 (N.D. Ohio Feb. 16, 2018).
[8] *See* Walmart Opposition, at 3 n. 2.

5:20-cv-5036, 2020 WL 2521515, at *3 (W.D. Ark. May 18, 2020) (finding that "the harm to Plaintiffs of a stay . . . is significant"); *Fla. Health Scis. Ctr., Inc. v. Sackler*, No. 19-62992-CIV-MARTINEZ, Dkt. No. 64, at *7 (S.D. Fla. Jan. 24, 2020) (denying a motion to stay, granting the hospital plaintiffs' motion to remand, and finding "[m]any district courts have held that the interests of judicial economy are best served by giving at least preliminary scrutiny to the merits of a motion to remand, even where a motion to transfer is pending before the JPML. And in the context of the recent boom of opioid litigation, many district courts have in fact done so.") (internal citation omitted); *DCH Health Care Auth. v. Purdue Pharma L.P.*, No. 9-0756-WS-C, 2019 WL 6493932, at *1 (S.D. Ala. Dec. 13, 2019) (denying a motion to stay and granting the hospital plaintiffs' motion to remand); *Tucson Med. Ctr. v. Purdue Pharma LP*, No. CV-21-00568-PHX-SPL, 2018 WL 6629659 (D. Ariz. Dec. 19, 2018) (granting motion to remand and denying motion to stay); *Cnty. of Kern v. Purdue Pharma L.P.*, No. 1:19cv-00557-LJO-JLT, 2019 WL 3310668 (E.D. Cal. July 23, 2019) (granting motion to remand and denying motion to stay, finding no federal question jurisdiction existed); *Mecklenburg Cnty. v. Purdue Pharma, L.P.*, No. 3:19-cv-463, 2019 WL 3207795 (E.D. Va. July 16, 2019) (same); *Ill. Pub. Risk Fund*, 2019 WL 3080929 (granting motion to remand, finding no federal question jurisdiction existed).

Plaintiffs have a right to proceed in a timely manner on their claims and, equally important, to do so in a court which has subject matter jurisdiction. Plaintiffs respectfully submit that the Court should prioritize its consideration of the Remand Motion rather than the Motion to Stay in order to avoid prejudicing Plaintiffs by an extensive delay and hindering judicial efficiency. *See Dinwiddie Cnty. v. Purdue Pharma, L.P.*, No. 3:19-cv-00242, 2019 WL 2518130, at *7 (E.D. Va. June 18, 2019) (denying motion to stay as unwarranted and granting remand because "any decision on the motion to remand could take a significant amount of time, maybe even over a year. This

9

extensive delay is a significant prejudice to [Plaintiff] as it will not be able to effectively prosecute its case even though there is no federal jurisdiction. Further, judicial efficiency will not be promoted because the case should proceed in state court as soon as possible since there is no federal jurisdiction in this case."). *See also City of Worcester v. Purdue Pharma L.P.*, No. 18-11958-TSH, Dkt. No. 36, at 4 (D. Mass. Nov. 21, 2018) (denying motion to stay, considering motion to remand and noting, "[n]eedlessly causing delays when there is clearly no jurisdiction would . . . constitute a travesty of justice."). Walmart, in contrast, has not demonstrated how it will be prejudiced by a prompt decision about jurisdiction in this matter.

## II.   CONCLUSION

For the foregoing reasons, and for the additional reasons stated in their previously filed Remand Motion, Plaintiffs respectfully request that the Court remand Hospital Plaintiffs' action to the Supreme Court of the State of New York, County of Erie.

Dated: August 19, 2021.

Respectfully submitted,
RUPP BAASE PFALZGRAF
CUNNINGHAM LLC

/s/ *Marco Cercone*
Marco Cercone, Esq.
Arthur N. Bailey, Esq.
1600 Liberty Building
Buffalo, NY 14202
(716)854-3400
cercone@ruppbaase.com
bailey@ruppbaase.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of August 2021, I caused the foregoing document to be filed with the Clerk of this Court via the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

/s/ *Marco Cercone*
Marco Cercone, Esq.